561 F.2d 1120
 Dt. Sgt. Thomas D. LOWTHER, Dt. Sgt. Thomas D. Lowther,
President, Police Association of Montgomery
County, Maryland, Inc., a Maryland
Corporation, Appellant,
v.
MONTGOMERY COUNTY, MARYLAND, a Municipal Corporation, State
of Maryland, Employees Retirement System Division of Social
Security, Mildred Potash, Administrator, James Caldwell,
Commissioner of Social Security and F. David Mathews,
Secretary of the Department of Health, Education and
Welfare, Appellees.
MONTGOMERY COUNTY, MARYLAND, a Municipal Corporation, Appellant,
v.
Robert M. BALL, Commissioner of Social Security and the
Department of Health, Education and Welfare, and
State of Maryland, Appellees.
 Nos. 76-1229 and 76-1230.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 7, 1976.
Decided Sept. 20, 1977.
 
 Peter I. J. Davis, Rockville, Md., for appellant Dt. Sgt. Thomas D. lowther.
 Richard S. McKernon, County Atty. for Montgomery County, Alfred H. Carter, Deputy County Atty. for Montgomery County, Martin J. Hutt, Asst. County Atty. for Montgomery County, Rockville, Md., on brief, for appellant Montgomery County, Maryland.
 James F. Truitt, Jr., Asst. Atty. Gen., Baltimore, Md. (Francis B. Burch, Atty. Gen., Baltimore, Md., on brief), Henry Eigles, Atty., Dept. of Health, Education and Welfare, Baltimore, Md. (Jervis S. Finney, U. S. Atty. and Donald H. Feige, Asst. U. S. Atty., Baltimore, Md., on brief), for appellees.
 Before HAYNSWORTH, Chief Judge, BUTZNER and WIDENER, Circuit Judges.
 HAYNSWORTH, Chief Judge:
 
 
 1
 The policemen of Montgomery County, Maryland sought to terminate their social security coverage, and brought this action to obtain (1) a determination that they constitute a separate "coverage group" for the purpose of such termination and (2) an injunction to require the Social Security Administration to terminate their coverage retroactively. Since no plaintiff is an individual who has presented a claim challenging his coverage to the Secretary or his delegate, we conclude there is no jurisdiction under 42 U.S.C.A. § 405(g). Since the State of Maryland has not officially challenged the Secretary's conclusion that the policemen are not a separate coverage group, there is no jurisdiction under 42 U.S.C.A. § 418. Hence, we conclude that there is no subject matter jurisdiction of this controversy.
 
 
 2
 In 1971, the policemen of Montgomery County voted to terminate their social security coverage. The Montgomery County Council adopted a resolution notifying the Chief of the Social Security Division of Maryland's Employment Retirement System that the policemen wished to discontinue their social security coverage on June 30, 1973. The resolution, however, disclaimed any approval or disapproval by the County Council of the policemen's request.
 
 
 3
 The state administrative office sought the advice of the Regional Commissioner of Social Security who expressed the opinion that while all of the employees of Montgomery County could withdraw from the program, the policemen, alone, could not. After further informal meetings, the County Personnel Director sent a letter denominated an "appeal" to the state Social Security Administrator, who forwarded it to the Social Security Administration. The Commissioner of Social Security sent the state Social Security Administrator a report containing a ruling, in agreement with the earlier opinion of the Regional Commissioner, that the Montgomery County policemen alone could not withdraw from the program.
 
 
 4
 Thereafter, plaintiff Lowther, individually and as President of the Montgomery County Police Association, and Montgomery County filed this action.
 
 
 5
 Though subsequently holding against the plaintiffs on the merits, the district court found jurisdiction under 28 U.S.C.A. § 1331. Resting jurisdiction upon § 1331, it concluded, was not precluded by 42 U.S.C.A. § 405(h), since it found no provision in the Social Security Act for a hearing and administrative review of a group's claim of a right of termination.
 
 
 6
 After the district court's ruling on jurisdiction, the Supreme Court's opinions in Weinberger v. Salfi, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) and Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) were announced. Salfi was a class action attacking certain duration-of-relationship social security eligibility requirements as unconstitutional. The district court in Salfi had looked upon § 405(h) as only a codification of the exhaustion requirement presenting no barrier to the exercise of federal question jurisdiction under 28 U.S.C.A. § 1331. The Supreme Court disagreed, holding that 42 U.S.C.A. § 405(h) was an absolute bar to the exercise of jurisdiction under § 1331 of any claim arising under Title II of the Social Security Act.
 
 
 7
 Because of the intervening decisions in the Supreme Court, at oral argument the plaintiffs conceded that jurisdiction could not be founded upon § 1331. Instead, they assert jurisdiction under 42 U.S.C.A. § 405(g) which provides that "any individual, after any final decision of the Secretary made after a hearing to which he was a party, * * * " may obtain review of the Secretary's decision by a civil action timely filed. They look to language in Mathews v. Eldridge, supra in which it was said that the requirement of a final decision by the Secretary in § 405(g) consisted of two elements. One of the elements is that administrative remedies be exhausted, a requirement that could be waived by the Secretary. The other element, however, is strictly jurisdictional. It is that a claim shall have been presented to the Secretary, for in the absence of a claim properly presented, there could be no "decision." Thus there can be no judicial review under § 405(g) by a plaintiff who has filed no claim.
 
 
 8
 The plaintiffs would avoid the jurisdictional claim requirement of § 405(g), since in this case the Commissioner has actually ruled upon the plaintiffs' contention that they constitute a separate coverage group. It is true that there has been, at least, an informal ruling by the Commissioner, but that does not avoid the jurisdictional problem because § 405(g) authorizes judicial review only when sought by an "individual" after a final decision by the Secretary made after a hearing to which the individual was a party. Montgomery County, one of the plaintiffs, is not such an individual, and Lowther, the only individual plaintiff, filed no claim and has not been a party to any hearing. Nor is his position enhanced by representation of the Police Association, for the Association is not an individual entitled to review.
 
 
 9
 Lowther may present his contention by seeking a review of his social security wage records under § 405(c), and any adverse determination by the Secretary would be open to judicial review under § 405(g). There is no indication that he has done that or, by any other means, presented his claim or contention to the Secretary or his delegate. Officials of the county and state have presented the policemen's desire to withdraw from the social security system to officials of the Social Security Administration, but Salfi, supra, and Eldridge, supra, make it quite clear that only individuals who themselves have presented their claims to the Secretary are entitled to judicial review under § 405(g). Salfi was a purported class action. The named plaintiffs had presented their claims to the Secretary and the Secretary had denied them, but the Supreme Court held there was no jurisdiction to consider the class claims, for there was no allegation that the unnamed members of the class had ever filed applications with the Secretary for the benefits they sought.
 
 
 10
 There may be a degree of futility in a requirement that judicial consideration be postponed to a final decision by the Secretary after a hearing upon a claim asserted by an individual policeman. If further administrative proceedings were futile beyond all question, exercise of judicial jurisdiction would still be foreclosed. There was such a suggestion in Salfi, but the Supreme Court said that the "final decision " requirement of § 405(g) is:
 
 
 11
 something more than simply a codification of the judicially developed doctrine of exhaustion, and may not be dispensed with merely by a judicial conclusion of futility.
 
 
 12
 In this instance, however, futility may not be obvious. The question has not been presented to the Secretary in an adversary proceeding. In an informal way, representatives of the Social Security Administration have been informed of the wishes of the policemen, but there has been no hearing; no evidence has been presented and no advocate for the policemen has argued their case before a hearing officer. Nor has there been any presentation of their position by an advocate in their behalf to any reviewing authority. Perhaps, when administrative remedies are pursued, the Secretary will come to the same conclusion, but that will remain uncertain until the necessary administrative proceedings are completed.
 
 
 13
 Under 42 U.S.C.A. § 418(t) Maryland itself may prosecute the claim of the policemen through the claim and review procedures of the Social Security Administration and may seek judicial review of an adverse decision under § 418(s). Maryland, however, has prosecuted no such administrative proceedings and is not a party to this judicial proceeding. Hence, we have no jurisdiction under § 418(s).
 
 
 14
 Finally, jurisdiction cannot be rested upon § 10 of the Administrative Procedure Act, 5 U.S.C.A. § 701, et seq. because the Supreme Court has recently held that the Administrative Procedure Act is not an independent grant of subject matter jurisdiction. Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).
 
 
 15
 Since there is no subject matter jurisdiction, we will vacate the judgment of the district court on the merits, and remand the case to that court with instructions to dismiss the complaint.
 
 VACATED AND REMANDED