ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION OF the SUPREME COURT OF ILLINOIS, and Carl H. Rolewick, Administrator, on their own behalf and as trustees on behalf of all employees of the Commission past and present, Plaintiffs,

v.

Patricia HARRIS, Secretary of Health and Human Services, Philip J. DiBenedetto, Acting Regional Commissioner for Social Security, and G. William Miller, Secretary of the Treasury, Defendants.

No. 80 C 3974.

United States District Court,
N. D. Illinois, E. D.

Aug. 23, 1982.

Richard J. Prendergast, John O'Malley, Chicago, Ill., Rubin G. Cohn, Champaign, Ill., Robert G. Cronson, Chicago, Ill., for plaintiffs.

Edward Moran, Asst. U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

On July 29, 1980, the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois ("Commission") and Carl H. Rolewick, Administrator of the Commission, brought a complaint on their own behalf and as trustees on behalf of all employees of the Commission, against Patricia Harris, Secretary of Health and Human Services ("Secretary"), Philip J. DiBenedetto, Acting Regional Commissioner for Social Security Region Five of the Department of Health and Human Services, and G. William Miller, Secretary of the Treasury ("defendants"). On September 16, 1980, Robert G. Cronson, Auditor General of the State of Illinois, filed a motion to intervene as a defendant in this action. On October 15, 1980, the defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b), arguing that this Court lacks subject

matter jurisdiction over this action, that the plaintiffs [1] have failed to exhaust their administrative remedies, and that the plaintiffs lack standing to sue these defendants.

By this memorandum opinion and order, the Court grants the defendants' motion to dismiss this action and states that it is without power to reach the merits of the underlying dispute as presented here. By virtue of granting defendants' motion to dismiss, the Court need not reach the Auditor General's motion to intervene.

## BACKGROUND

The Commission was created by rule of the Supreme Court of Illinois in 1973. Ill. Rev.Stat., 1981, ch. 110A §§ 751 *et seq.* Its primary duty is to investigate and prosecute complaints against Illinois attorneys. Plaintiff Carl H. Rolewick is Administrator of the Commission, with principal responsibility for overseeing the operation of the Commission.

On March 26, 1973, the Commission applied to the Internal Revenue Service ("IRS") seeking Social Security coverage for the Commission employees. In a letter dated June 1, 1973, the IRS stated that the term "employment" as defined by the applicable federal statutes [2] did not include the Commission since it was a wholly owned instrumentality of the State of Illinois. Therefore, pursuant to the exceptions from coverage described by 42 U.S.C. § 410(a)(7) (defining "employment" in substantially the same way as the statutes in n.2 above), the Commission employees were denied Social Security coverage. The IRS suggested that the Commission employees might instead seek coverage through the agreement previously entered into between the State of Illinois and the Secretary, pursuant to 42 U.S.C. § 418(a)(1) ("the State compact"). In essence, the IRS decided that the Commission was not a private employer within the meaning of the federal statutes. The effect of the June, 1973 decision was that the Commission employees could be covered through the State compact or not at all.

The Illinois State compact had been entered into by virtue of the Illinois Social Security Enabling Act, Ill.Rev.Stat. ch. 108½ § 21–119, which in relevant part states:

> The [Social Security Unit of the State Employees' Retirement System of Illinois] is authorized to enter on behalf of the State of Illinois into an agreement with the Secretary [of Health and Human Services] ... for the purpose of extending the benefits of the Federal Social Security insurance program to employees of the State of Illinois, or of any political subdivision thereof, or of any instrumentality of any one or more of the foregoing. . . .

Therefore the Commission employees could be covered by the Social Security laws through the State compact (1) *if they were employees of the state or a political subdivision,* or (2) *if they were employees of an* "instrumentality."

Since the Commission has consistently taken the position that their employees are not employees of the state or of a political subdivision, and the IRS had decided that they were not employees of a private employer, the Commission now tried a different tack. On November 30, 1973, the Commission requested the Attorney General of Illinois to construe the term "instrumentality" as defined by the Illinois Social Security Enabling Act, Ill.Rev.Stat. ch. 108½, § 21–107, which states:

> "Instrumentality": A juristic entity which is legally separate and distinct from the State of Illinois and its political subdivisions and whose employees are not by virtue of their relation to such juristic entity employees of the State of Illinois or such political subdivisions.

On July 31, 1974, the Attorney General issued Opinion No. S–793, stating that the particular term he had been asked to con-

---

1. Hereinafter, the plaintiffs are sometimes referred to as the "Commission."

2. 26 U.S.C. § 3121(b)(7), a provision in the Federal Insurance Contribution Act; and 26 U.S.C. § 3306(c)(7), a provision in the Federal Unemployment Tax Act.

strue did not apply to the Commission, and that rather than being an "instrumentality" as defined in the Illinois Social Security Enabling Act, the Commission is an agency of the judicial branch of the State of Illinois. He went on to state explicitly that he expressed "no opinion as to other avenues which might be pursued under the Illinois Social Security Enabling Act for extending the benefits of the Federal Social Security insurance program to the Commission employees, assuming altered conditions and procedures." [3]

On January 10, 1975, the Commission asked the IRS to reconsider its June, 1973 ruling in light of the opinion of the Attorney General. The Commission wished to show the IRS that since the Attorney General had stated that it was not an "instrumentality," the Commission could not come under the State compact and should be treated as a private employer receiving Social Security coverage.

On May 9, 1975, the IRS reaffirmed its 1973 ruling on the basis that services performed in the employ of a state, whether as an instrumentality or as an agency of the judicial branch, were excepted from Social Security coverage under the federal statutes pursuant to which the Commission sought such coverage.

On November 10, 1975, the Commission applied to the IRS for tax-exempt status pursuant to 26 U.S.C. § 501(c)(6). In its letter of January 29, 1976, granting tax-exempt status, the IRS stated that "unless specifically excepted, you are liable for taxes under the Federal Insurance Contributions Act (Social Security Taxes) . . . [a]nd, unless excepted, you are also liable for tax under the Federal Unemployment Tax Act. . . ." The Commission and its employ-

ees thereupon paid employment taxes and interest for the years 1973, 1974, and 1975. They continued to pay taxes as due from 1976 through the time this action was filed.

By letter of February 8, 1980, the Secretary stated that the Commission employees were never covered under the Social Security laws, and that the erroneous payment of taxes "may have been made in reliance on a favorable ruling by the IRS under Section 501(c)(6) of the Internal Revenue Code. . . . However, this ruling is based solely on the income tax provisions of the law and does not have any effect on the Social Security wage status of an organization." The Secretary pointed out that the favorable ruling by the IRS in its January, 1976 letter contained key limiting language: "*Unless specifically excepted,* you are liable for taxes. . ." (emphasis added). The clear implication was that the Commission had been specifically excepted.

The Commission then requested a meeting with Social Security representatives. On March 13, 1980, the Commission met with such representatives and provided additional information in an attempt to show that the Commission employees should be covered by the Social Security laws.

On July 10, 1980, acting through Acting Regional Director DiBenedetto, the Secretary reaffirmed the February 8, 1980 decision, again stating that the Commission employees were ineligible for Social Security coverage. This letter also states:

> The Commission has no formal appeal rights under the Social Security Act to the determination that the Commission is an agency of the judicial branch of the State of Illinois. Any further inquiries on obtaining social security coverage for

**3.** The parties have brought to the Court's attention Opinion No. 82–022, issued by the Attorney General on July 20, 1982. The Auditor General had asked the Attorney General to opine as to whether pursuant to Section 3 of article VIII of the Illinois Constitution of 1970, and section 3–2 of the Illinois State Auditing Act, Ill.Rev.Stat. ch. 15 § 303–2, the Auditor General is required to conduct a financial audit of the Commission. In the course of concluding that such an audit is required, the Attorney

General stated: "I concur in the conclusion expressed in opinion No. S–793 dated July 31, 1974, and conclude that the Attorney Registration and Disciplinary Commission is a 'State Agency' as defined in section 1–7 of the Illinois State Auditing Act."

This opinion addressed only problems and interpretations of state law, and was issued more than two years after this federal action was filed. It does not, of course, bear on the quite different issues now before this Court.

the Commission should be directed to: Michael Blankenship, Division Manager; Social Security Unit; State Employees' Retirement System....

The IRS was directed to cancel all wage reports submitted by the Commission since January 1, 1976, and also was advised not to process any future wage reports submitted by the Commission.

The Commission then brought this action complaining that the Secretary's retroactive denial of Social Security coverage for Commission employees was arbitrary and capricious, an abuse of discretion, and not in accordance with law. In addition, the Commission alleged that the failure to refund all past payments made by or on behalf of the employees suffers the same defects. Furthermore, the Commission claimed that the IRS also acted in the same arbitrary and capricious manner.

The Commission has claimed that it has exhausted all available administrative procedures to obtain redress, and has asked this Court to find that the retroactive denial was arbitrary and capricious, an abuse of discretion and not in accordance with law; that the Supreme Court of Illinois is not the employer of the Commission within the meaning of the applicable federal statutes; and that the employees of the Commission qualify for Social Security coverage. In the alternative, the Commission has asked that if the Court finds that the employees of the Commission are ineligible for Social Security coverage, the Court should make a finding that the retroactive denial of coverage without refunding the amounts already paid in was arbitrary, capricious, an abuse of discretion and not in accordance with law. The plaintiffs also have asked the Court to enter an order directing a refund of all monies paid in by the Commission and its employees.

On July 30, 1980, Judge Aspen heard as an emergency matter the Commission's Motion to Stay Administrative Action Pending Judicial Review, and for a period of ten days ordered that the Social Security Administration not cancel Social Security coverage for the employees of the Commission; and that the IRS not refuse to accept wage reports and tax payments made on behalf of the Commission and its employees. The Court has been informed that the parties later reached agreement without further order of the Court to extend Judge Aspen's order during the pendency of this action.

## JURISDICTION

### A. *28 U.S.C. § 1331*

The plaintiffs have claimed that this Court has jurisdiction pursuant to the general federal question statute, 28 U.S.C. § 1331. Plaintiffs state that their actions arise under 5 U.S.C. §§ 705, 706; 26 U.S.C. §§ 3121, 3306; and 28 U.S.C. §§ 2411 and 2412.

The defendants have moved to dismiss on the grounds that the general federal question jurisdiction statute, 28 U.S.C. § 1331, has been explicitly preempted by the third sentence of the relevant section of the Social Security statute, 42 U.S.C. § 405(h), which states in full:

The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under Section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter [entitled "Federal Old Age, Survivors, and Disability Insurance Benefits"].

Furthermore, the defendants argue that the Court's decision in *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), makes it absolutely clear that § 405(h) must be read as its terms dictate, that *no* jurisdiction exists under 1331 to recover on this claim which arises under Subchapter II of the Social Security Act, and that the plaintiffs' claim must proceed under another jurisdictional provision or not at all.

The plaintiffs argue that § 405(h) does not bar general federal question jurisdiction here, and that *Weinberger v. Salfi* is distinguishable from the instant case. First, they state that they are not precluded by § 405(h) because theirs is not an action "to recover on any claim arising under" the subchapter since no claim for benefits has been made. Instead, they merely seek review of the Secretary's interpretation of the statute as applied to them. (This argument seems to be inconsistent with their prayer for relief, which includes a request that the Court find "that the employees of the Commission qualify for Social Security coverage. . . .") However, the Secretary's decision as to the meaning and application of the statute is the necessary prerequisite to *every* claim "arising under" the Act. *See Lowther v. Montgomery County, Maryland,* 561 F.2d 1120 (4th Cir. 1977), *cert. denied,* 435 U.S. 994, 98 S.Ct. 1644, 56 L.Ed.2d 83 (1978) (challenge to Secretary's interpretation of the statute is a claim under the Act). If plaintiffs' argument were accepted, the third sentence of § 405(h) would in essence be read out of the statute.

Furthermore, though plaintiffs have attempted to distinguish *Salfi,* in fact that decision totally undercuts their position. In *Salfi,* the plaintiffs brought an action on their own behalf and on behalf of all other members of a class, claiming that a particular provision of the Social Security Act was unconstitutional.

The Court held that § 1331 provided no jurisdiction to the district court to review the question of constitutionality in the first instance. Instead, the plaintiffs were required to pursue their claims through the administrative process, even though the Secretary was clearly without power to determine the constitutionality of a statute passed by Congress. Only after the Secretary had reached a final decision on the claim could the plaintiffs seek review in the district court pursuant to the provisions of 42 U.S.C. § 405(g).

■ The Commission here seeks review of the Secretary's decision, based on an

interpretation of the statute, that its employees are not covered by the provisions of the Social Security Act. *Salfi* holds that there is no jurisdiction under § 1331 even when the Secretary *lacks the power* to grant the relief sought. That holding presumes that no jurisdiction exists under § 1331 when the Secretary *has the power* to satisfy the plaintiffs' claim. This Court is without jurisdiction to entertain this action under 28 U.S.C. § 1331. The action must be dismissed if jurisdiction does not lie under another statute.

### B. *42 U.S.C. § 405(g)*

The second sentence of 42 U.S.C. § 405(h) states: "No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency *except as herein provided*" (emphasis added). Section 405(g) of Title 42, entitled "Judicial Review," provides the [exclusive] mechanism for obtaining review in the district court of any final decision made by the Secretary. Though the plaintiffs have not argued that this Court has jurisdiction of this action under § 405(g), the Court will consider whether that statute does permit jurisdiction, or whether this action must be dismissed.

In relevant part, § 405(g) states:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. . . . The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . .

The district court's review under § 405(g) is quite limited.[4] *Dvorak v. Weinberger,* 405 F.Supp. 1398, 1399 (N.D.Ill.1975).

■ *Weinberger v. Salfi, supra,* and *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), hold that there

---

**4.** Thus were this Court to reach the merits, the

standard of review would be quite limited.

are two essential [5] elements to jurisdiction under § 405(g): (1) a claim must have been presented to the Secretary; and (2) all administrative remedies must have been exhausted. The exhaustion requirement may be waived by the Secretary, or the Court may find that the Secretary has made a final decision. However, the requirement that an individual must present a claim to the Secretary may not be waived. *Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S.Ct. 893, 47 L.Ed.2d 18.

■ The Court finds that the Secretary has reached a final decision as to the questions presented by the Commission. The Secretary's direction to the Commission in the letter of July 10, 1980 (quoted *supra*) to inquire further of the state officials, and the expression that there are no formal appeal rights under the Social Security Act to the Secretary's determination, constitute the Secretary's final decision on the issues presented by the *Commission*. However, as there have been no allegations that the *individual employees* have presented their claims to the Secretary, the requirements of § 405(g) appear not to have been met.

The plaintiffs argue as follows. It would be futile and costly for the individual Commission employees to present to the Secretary the identical claims already presented by the Commission. If the individuals proceeded through the administrative process, the Secretary would reach the same conclusion in each individual case that was reached when the Commission presented the matter: Commission employees are presently not covered by the Social Security Act. At that point, the individuals could seek review pursuant to § 405(g), placing them in this Court attempting to litigate the same issue which the Commission, on their behalf, now seeks to present. While the Court is not unsympathetic to these arguments, *Weinberger v. Salfi* clearly indicates that such a procedure is required.

Ms. Salfi married the wage earner on May 27, 1972. He died on November 21, 1972, less than six months after the marriage. She then filed applications for mother's insurance benefits for herself and child's insurance benefits for her daughter, the wage earner's stepdaughter. The applications were denied by the Social Security Administration both initially and on reconsideration at the regional level, on the basis of particular provisions of the Social Security Act which provided that claimants were not entitled to benefits if they had been related to the wage earner for less than nine months prior to the death.

Ms. Salfi and her daughter then brought a declaratory judgment action in federal district court, seeking a determination that these statutory presumptions were unconstitutional. They sought to represent the class of all widows and stepchildren who were denied benefits because the wage earner died within nine months of the marriage, and claimed jurisdiction under 28 U.S.C. § 1331. The district court held that jurisdiction was proper under § 1331, certified the class, and declared the challenged provisions to be unconstitutional.

After finding that § 1331 jurisdiction was improper on the basis of 42 U.S.C. § 405(h), the Supreme Court found that the named plaintiffs could proceed pursuant to § 405(g). The Court found that the named plaintiffs had presented their claims to the Secretary so that the nonwaivable requirement had been fulfilled, and also found that the exhaustion requirement had been met.

■ However, the Court distinguished between the named plaintiffs and the unnamed class members in construing the requirements of § 405(g):

As to class members, however, the complaint is deficient in that it contains no allegations that they have even filed an application with the Secretary, much less that he has rendered any decision, final or otherwise, review of which is sought. The class thus cannot satisfy the requirements for jurisdiction under 42 U.S.C. § 405(g). Other sources of jurisdiction being foreclosed by § 405(h), the District

---

5. The other two conditions relate to statute of limitations and venue provisions, *Mathews v.*

*Eldridge*, 424 U.S. at 328 n.9, 96 S.Ct. at 899 n.9, and are not relevant here.

Court was without jurisdiction over so much of the complaint as concerns the class, and it should have entered an appropriate order of dismissal.

422 U.S. 749, 764, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522. This was so even though the unnamed class members raised the identical challenge to the constitutionality of the statutory presumption as the named plaintiffs. Nevertheless, the Court held that the unnamed class members who had not presented their claims to the Secretary could not proceed pursuant to § 405(g).[6]

In *Lowther v. Montgomery County, Maryland*, 561 F.2d 1120 (4th Cir. 1977), *cert. denied*, 435 U.S. 994, 98 S.Ct. 1644, 56 L.Ed.2d 83 (1978), the court relied on *Salfi* in finding that the district court was without jurisdiction under § 405(g). In *Lowther*, the policemen of Montgomery County sought a determination that they could withdraw from the Social Security program entered into on behalf of all the Montgomery County employees. A representative of the policemen presented their claim to the Secretary, who reviewed the situation twice and concluded that the policemen alone could not withdraw from the program. Thereafter, the plaintiff Lowther, individually and as President of the Police Association, filed an action in district court claiming jurisdiction under 28 U.S.C. § 1331. Montgomery County filed a similar suit on behalf of its police officers. After the two cases were consolidated and the County was realigned as a plaintiff in Lowther's action, the court found that jurisdiction existed under § 1331, and ruled against the plaintiffs on the merits.

On appeal the plaintiffs conceded that § 1331 jurisdiction was improper, but argued that jurisdiction pursuant to 42 U.S.C. § 405(g) was not. The court found that the unwaivable requirement of § 405(g), that a proper claim had to be presented to the Secretary, had not been met.

It is true that there has been, at least, an informal ruling by the Commissioner [of Social Security], but that does not avoid the jurisdictional problem because § 405(g) authorizes judicial review only when sought by an 'individual' after a final decision by the Secretary made after a hearing to which the individual was a party. Montgomery County, one of the plaintiffs, is not such an individual, and Lowther, the only individual plaintiff, filed no claim and has not been a party to any hearing. Nor is his position enhanced by representation of the Police Association, for the Association is not an individual entitled to review.

*Lowther, supra*, at 1122. Before § 405(g) jurisdiction could be said to exist, each individual had to present his claim to the Secretary.[7]

In reaching this conclusion, the court specifically referred to the *Salfi* distinction between the individual plaintiffs and the unnamed class members, stating that *Salfi* and *Eldridge* "make it quite clear that only individuals who themselves have presented their claims to the Secretary are entitled to judicial review under § 405(g)." 561 F.2d at 1122. Though the question was common to all 784 policemen[8] employed by Montgomery County, the court found that *Salfi* required a dismissal. The administrative route required by § 405(g) had not been

---

**6.** The Court clarified this part of the *Salfi* holding in *Califano v. Yamasaki*, 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979). A class action is not impermissible under 42 U.S.C. § 405(g), even though the statute speaks of an "individual" presenting a claim to the Secretary. A class action is permissible "so long as the membership of the class is limited to those who meet the requirements of § [2] 405(g)." *Yamasaki, supra* at 700–1, 99 S.Ct. at 2557. Thus the class must describe only those who have satisfied the nonwaivable jurisdictional prerequisite to § 405(g), *i.e.*, presenting a claim to the Secretary. *See also Wright v. Califano*, 603

F.2d 666, 669–70 (7th Cir. 1979), *cert. denied*, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980).

**7.** A class of individuals who had presented claims also could proceed under § 405(g). *Califano v. Yamasaki, supra.*

**8.** *See Montgomery County, Maryland v. Ball*, 416 F.Supp. 737, 739 n.1 (D.Md.1975), *aff'd on other grounds*, 561 F.2d 1120 (4th Cir. 1977), *cert. denied*, 435 U.S. 994, 98 S.Ct. 1644, 56 L.Ed.2d 83 (1978).

followed, and the district court was without jurisdiction.

■ Like Montgomery County and the Police Association in *Lowther*, the Commission here is not an "individual" with the capacity to present a proper claim to the Secretary. The individual plaintiff, Administrator Rolewick, is like "Lowther, the only individual plaintiff, [who] filed no claim and has not been a party to any hearing." *Lowther, supra*, at 1122. Thus the plaintiffs in the instant action face the same problem which required dismissal of the class members in *Salfi* and the entire action in *Lowther*.

The requirement under § 405(g) that an individual make his claim to the Secretary is not waivable nor can it be dispensed with on the grounds urged by the plaintiffs here. Since no individual has presented a claim to the Secretary for his determination, this Court is without jurisdiction to hear the issues presented. Because dismissal is necessitated for failure to meet the requirements of 42 U.S.C. § 405(g), the Court need not reach the other grounds urged by the defendants.

THEREFORE IT IS ORDERED that the defendants' motion to dismiss the complaint is granted. This action is dismissed with prejudice. The agreement reached by the parties extending Judge Aspen's order of July 30, 1980, is now adopted by the Court as a stay. This stay will dissolve in thirty days unless a timely notice of appeal is filed. If a notice of appeal is filed, the stay will continue pending disposition of the appeal.