STATE OF CALIFORNIA, County of Los Angeles, and Los Angeles County Flood Control District, Plaintiffs,

v.

Dr. Otis R. BOWEN, Secretary, United States Department of Health and Human Services; and Dorcas R. Hardy, Commissioner, Social Security Administration, Defendants.

Civ. No. S–88–0395 MLS.

United States District Court,
E.D. California.

March 3, 1989.

Charles P. Murdter and Elwood Lui, Jones, Day, Reavis & Pogue, Washington, D.C., DeWitt W. Clinton and M. Steven Zehner, County Counsel's Office, Sacto, Cal., for plaintiffs.

John L. Bolton, Asst. Atty. Gen., David F. Levi, U.S. Atty., Mary L. Grad, Asst. U.S. Atty., Shelia Lieber and Marcia K. Sowles, Attys. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

MILTON L. SCHWARTZ, District Judge.

This matter is before the court on cross motions for summary judgment brought by the parties under Rule 56 of the Federal Rules of Civil Procedure. The underlying action is one in which plaintiffs, State of California, County of Los Angeles, and the Los Angeles County Flood Control District, bring suit against the Secretary of Health and Human Services and the Commissioner of the Social Security Administration, seeking judicial review under 42 U.S.C. § 418(t) of an assessment of Social Security taxes on wages earned during December 1982 by employees of the County of Los Angeles and the Los Angeles County Flood Control District.

## I. BACKGROUND

Congress amended the Social Security Act in 1950 to allow states to voluntarily participate in the Social Security program. Participation was possible through what was known as a "Section 418 Agreement," referring to 42 U.S.C. § 418. Under the statute, individual states could enter into an agreement with the Secretary of Health and Human Services ("HHS") by which Social Security coverage was provided for employees of a state and/or its political subdivisions.

In 1951, the State of California ("State") entered into a Section 418 Agreement ("Agreement") that provided coverage for designated state and local governmental employees. In mid 1964, the Agreement was modified to cover employees of Los Angeles County ("County") and the Los Angeles County Flood Control District ("District") as well as five other political subdivisions of the state. County and District were allowed to provide Social Security coverage retroactively to January 1, 1959 for employees who were eligible. County and District withdrew from the Social Security program as of December 31, 1982.[1]

County and District pay their employees' wages on the 10th of the month following the month in which the wages are earned. Plaintiffs say that as a consequence, when County and District joined the Social Security program, Social Security contributions were made on wages paid on July 10, 1964; the wages were actually *earned* during June 1964. Similarly, for employees eligible for retroactive coverage for the full five year "retroactive period," Social Security contributions were made on wages paid January 10, 1959 for wages actually earned in December 1958. Plaintiffs claim this practice was followed throughout the time Social Security coverage was provided to County and District employees, and that the Social Security Administration ("SSA") knew this method of determining and paying the liability for Social Security taxes was used.

The issue before the court is whether Social Security taxes are due on wages earned by County and District employees in December of 1982 which were not paid to the employees until January 10, 1983. In 1984, SSA assessed taxes in the amount of $13,987,027.20 on the wages in dispute. State, County, and District sought administrative review of the assessment under 42 U.S.C. § 418(s) and the Secretary decided against them. Plaintiffs have now filed suit against the Secretary of Health and Human Services and the Commissioner of the Social Security Administration (collectively, "HHS") under 42 U.S.C. § 418(t) seeking a redetermination of the correctness of the assessment.

Plaintiffs bring their motion for summary judgment claiming that under the Agreement, they contracted for 288 months of Social Security coverage. They state they have already paid for 288 months of coverage, and that if they are required to pay the tax on wages earned during December 1982, it will mean they will have to pay for 289 months of coverage. Plaintiffs base their motion on the following grounds: (1) their "method" of paying the Social Security tax was in accordance with Social Security regulations; (2) a contractual course of dealing was established between the parties that defendants should not now be allowed to reverse; and, (3) what defendants are trying to do is not fair.

Defendants base their motion for summary judgment on the following grounds: (1) the court lacks jurisdiction over the claims of County and District; (2) County and District lack standing to bring their claims; (3) the State is collaterally estopped from bringing its claim; and (4) plaintiffs have incorrectly interpreted the relevant statutes and regulations.

## II. ANALYSIS

### A. *Jurisdiction*

Plaintiffs cite 42 U.S.C. § 418(t), 28 U.S.C. § 1331, and 5 U.S.C. § 701, *et seq.* as the jurisdictional bases for their claims.

---

**1.** It is no longer possible for states and/or their political subdivisions to withdraw from Social Security. *See* 42 U.S.C. § 418(f) (no Section 418 Agreement may be terminated on or after April 20, 1983).

■ The United States is a sovereign, and is therefore immune from suit unless it has expressly waived its immunity and consented to be sued. *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985). Such a waiver cannot be implied, but must be unequivocally expressed. *Id.* In determining whether Congress has waived the immunity of the United States, courts "must construe waivers strictly in favor of the sovereign, and not enlarge the waiver 'beyond what the language requires.'" *Library of Congress v. Shaw,* 478 U.S. 310, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986) (quoting *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 685–86, 103 S.Ct. 3274, 3278, 77 L.Ed.2d 938 (1983)).

■ In 42 U.S.C. § 418(t),[2] Congress expressly waived sovereign immunity for an action brought by a state. It made no such express waiver of immunity for actions brought by political subdivisions of a state. As a consequence, this court lacks jurisdiction under 42 U.S.C. § 418(t) to hear the claims of County and District.

■ While 28 U.S.C. § 1331 grants federal courts jurisdiction over actions "arising under" the Constitution, laws, or treaties of the United States, the statute does not waive the federal government's sovereign immunity. *Holloman v. Watt,* 708 F.2d 1399, 1401 (9th Cir.1983), *cert. denied,* 466 U.S. 958, 104 S.Ct. 2168, 80 L.Ed.2d 552 (1984). Rather, plaintiff must look to the statute giving rise to a cause of action for such a waiver. *B.R. MacKay & Sons, Inc. v. United States,* 633 F.Supp. 1290, 1295 (D.C.Utah, 1986). Because section 1331 does not act as a waiver of sovereign immunity, a federal court lacks jurisdiction to hear a suit brought against the United States solely under this section.

■ The Supreme Court has said "the APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action." *Califano v. Sanders,* 430 U.S. 99, 107, 97 S.Ct. 980, 985, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). As a consequence, County and District cannot rely on the APA as their sole source of subject matter jurisdiction. *See id.,* 430 U.S. at 104–107, 97 S.Ct. at 984–85; *see also Lowther v. Montgomery County, Maryland,* 561 F.2d 1120, 1123 (4th Cir. 1977), *cert. denied,* 435 U.S. 994, 98 S.Ct. 1644, 56 L.Ed.2d 83 (1978).

The court lacks jurisdiction to hear the claims of County and District under each of the statutes the plaintiffs cite for jurisdictional purposes. Therefore, County and District's claims are dismissed under Rule 12(b)(1) and (h)(3) of Federal Rules of Civil Procedure.

B. *Defendants' Motion for Summary Judgment*

1. Collateral Estoppel

■ Defendants argue that State is collaterally estopped from seeking judicial review of the assessment made by SSA because State was unsuccessful in a previous challenge of the identical question at issue in this case.

In analyzing whether collateral estoppel applies, there are three questions a court must ask. They are: (1) whether the legal issues presented by the second action are in substance the same as those resolved in the first action; (2) whether controlling facts or legal principles have changed significantly after adjudication of the first case; and, (3) whether there are other special circumstances warranting an exception

---

**2.** Section 418 was revised extensively by the Budget Reconciliation Act of 1986, PL 99–509. The parties fail to mention this in their briefs, and they cite to many subsections that were repealed. The purpose of the revisions was to relieve states of the responsibility for collecting the Social Security taxes for covered local government employees, to speed up collection by the federal government of these taxes by eliminating the states as intermediate collectors and by changing the timing of collections to conform to the payment schedules imposed on the private sector, and to increase penalties for late payments to conform to the penalties for late payments that are imposed on the private sector. *See* 1986 U.S.Code Cong. and Adm. News at 4012–13.

Because the provisions of the 1986 revisions were "effective for payments of social security taxes with respect to wages paid after December 31, 1986," *id.* at 4013, the analysis in this case relies on the statutes as they appeared prior to the 1986 revisions.

to the normal rules of preclusion. *Montana v. United States*, 440 U.S. 147, 155, 99 S.Ct. 970, 974–75, 59 L.Ed.2d 210; *see also Starker v. United States*, 602 F.2d 1341, 1344–50 (9th Cir.1979).

In an administrative review held at the request of State under 42 U.S.C. § 418(s) that involved employees of the City of Santa Rosa, the Social Security Commissioner found that State was liable

> for contributions with respect to wages paid for services performed during the period of [Social Security] coverage, even though the wages paid for such services are not paid until after employment or coverage terminates.

Social Security Ruling 73–57 at 347. State failed to seek judicial review of this determination.

The parties in this action are the same parties who appeared in the first matter, the State and the federal government. The legal issue is the same one—whether State is liable for Social Security taxes on wages earned by covered employees during the last month of coverage but not paid until after coverage was terminated. The controlling facts are basically the same, the only significant difference being the amount of contribution at issue. In addition, there has not been a significant change in the legal context between the time SSR 73–57 was decided and the present. Finally, there do not seem to be any special circumstances warranting an exception to the normal rules of preclusion.

Principles of collateral estoppel may be applied to decisions made in administrative hearings. *See United States v. Utah Construction Co.*, 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966); *Stuckey v. Weinberger*, 488 F.2d 904, 909 n. 11, 911 (9th Cir.1973). State had a full and fair opportunity to litigate the issue of whether it was liable for Social Security taxes earned during the last month of coverage when the issue arose for employees of the City of Santa Rosa. *See Kremer v. Chem-*

*ical Construction Corp.*, 456 U.S. 461, 480–81, 102 S.Ct. 1883, 1897, 72 L.Ed.2d 262 (1982), *reh'g denied*, 458 U.S. 1133, 103 S.Ct. 20, 73 L.Ed.2d 1405 (1982); *Montana v. United States*, 440 U.S. at 153, 99 S.Ct. at 973. The determination regarding wages for employees of the City of Santa Rosa was necessary to that decision. When State chose not to pursue its claim in federal court, the decision of the agency became a "final" one. *See Luben Industries, Inc. v. United States*, 707 F.2d 1037, 1040 (9th Cir.1983).

Issue preclusion applies in the present case. As a result, State is now estopped from relitigating this issue.

## 2. Statutory Construction and Agency Regulations

■ Even if State were not estopped, the court finds that the Secretary's interpretation of the statute is the correct one.

In reviewing the construction of a statute made by the agency that administers it, a court looks first to see if Congress has spoken to the precise question at issue. *Chevron, U.S.A., Inc. v. Natural Resources Defense*, 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984), *reh'g denied*, 468 U.S. 1227, 105 S.Ct. 28, 82 L.Ed.2d 921 (1984). If Congress has, it is the court's responsibility to construe the statute. *Id.*, 467 U.S. at 842–43, 104 S.Ct. at 2781. If Congress has not directly addressed the issue, the court determines whether the agency's interpretation of the statute is a reasonable one. *Id.* 467 U.S. at 844, 104 S.Ct. at 2782.

Reading 42 U.S.C. § 418 subsections (a)(2) and (c)(2)[3] together, it is clear from the face of the statute that Congress addressed the precise question at issue here, and that all services performed during the period covered by a Section 418 Agreement are services to which Social Security taxes must be applied. This reading of the statute is supported by the wording found in

---

**3.** Section 418(a)(2) states: "[T]he term 'employment' includes *any* service included under an agreement entered into under this section." 42 U.S.C. § 418(a)(2) (emphasis added). A Section

418 Agreement must "include *all services* ... performed by individuals as members of [a coverage] group." 42 U.S.C. § 418(c)(2) (emphasis added).

section 418 subsections (f)(1) and (2).[4]

Congress did not clearly and directly address the issue of the relationship between when wages are paid and the liability of a State to pay the Social Security tax on those wages.[5] To "fill this gap," see *Chevron*, 467 U.S. at 843, 104 S.Ct. at 2782, the Secretary adopted 20 C.F.R. § 404.1222.[6] Under that regulation, the state is liable to make contributions for covered employees who work, and therefore earn wages, during the period of coverage. The liability for the tax attaches when the wages are actually paid.

Because the Secretary's interpretation of the statute, as set forth in section 404.1222, is a reasonable one, the court may not substitute its own construction. *See Chevron*, 467 U.S. at 844, 104 S.Ct. at 2782. The court therefore holds, as a matter of law, that State is liable for wages earned by County and District employees during the period of Social Security coverage; this period includes wages earned during December 1982.

Plaintiff alleges that there was a course of dealing between the parties over an eighteen year period that should now bind defendant. Ordinarily, this would present a question of fact, which should be determined at trial. However, defendant has borne its burden of showing that as a matter of law State is liable to pay the Social Security tax on wages earned by covered employees during December 1982.

As a consequence, the burden shifts to State to set forth specific facts showing there remains a genuine issue of fact for trial. *See* Fed.R.Civ.P. 56(e); *Neely v. St. Paul Fire & Marine Ins. Co.*, 584 F.2d 341, 344 (9th Cir.1978). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). If the evidence is merely colorable or not significantly probative, summary judgment may be granted. *Id.*

The State has offered no evidence to support its contention about a course of dealing between the parties. As a result, the court grants defendants' motion for summary judgment.

### C. *Plaintiffs' Motion for Summary Judgment*

In support of their motion for summary judgment, plaintiffs argue that the "method" used to compute and pay the Social Security tax was in accordance with Social Security regulations. However, the court finds, as discussed above, that this "method" was not in accordance with governing statute or the regulations adopted by the Secretary.

**4.** Section 418(f)(1) provides that "any agreement or modification of an agreement under this section shall be effective with respect to *services performed after an effective date specified in such agreement* or modification...." 42 U.S.C. § 418(f)(1) (emphasis added). Similarly, for retroactive coverage the statute provides that if an agreement
> specifies an effective date earlier than the date of execution of such agreement ... the agreement shall ... be applicable to such *services ... performed before such date of execution and after such effective date....*
42 U.S.C. § 418(f)(2) (emphasis added).

**5.** The pertinent subsection is 42 U.S.C. § 418(e). The subsection's meaning is ambiguous, but does suggest that liability for the tax attaches when wages are paid.

**6.** That section reads, in part:
> (a) *In general.* The State is liable for contributions with respect to the wages paid to individuals *performing services in employment*

*as employees* in any coverage group included in the agreement. With respect to service covered under the agreement and performed subsequent to the date of execution of the agreement, the *liability of the State attaches at the time that wages are either actually or constructively paid* to individuals performing service in employment as employees in any coverage group included in the agreement.... If the agreement is effective retroactively with respect to *service in employment* performed by individuals as members of any coverage group, the liability of the State with respect to wages paid during such retroactive period attaches as of the date of execution of the agreement ...
20 C.F.R. § 404.1222(a) (emphasis added). Employment is defined as "any service covered by social security performed by an employee for his or her employer." 20 C.F.R. § 404.1003.

Plaintiffs also argue that their motion for summary judgment should be granted based on the course of dealing with defendants over an eighteen year period. A course of dealing entails factual questions. By introducing this issue, plaintiffs have failed to carry their burden of establishing that there is no triable issue of fact, and that they are entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Neely*, 584 F.2d at 343. As a result, the court denies plaintiffs' motion for summary judgment.

Accordingly, by reason of the foregoing, the court orders:

1. That the claims of County of Los Angeles and Los Angeles County Flood Control District are DISMISSED on the ground the court lacks subject matter jurisdiction;

2. That defendants' motion for summary judgment is GRANTED; and

3. That plaintiffs' motion for summary judgment is DENIED.

IT IS SO ORDERED.