Geraldine JONES (now Crawford),
Plaintiff in Error,

v.

Louis C. JONES, Defendant in Error.

No. 39216.

Supreme Court of Oklahoma.

Oct. 10, 1961.

Rehearing Denied Oct. 31, 1961.

Woodrow McConnell, Oklahoma City, for plaintiff in error.

Wise & Ivester, by H. C. Ivester, Sayre, for defendant in error.

HALLEY, Justice.

Geraldine Jones and Louis C. Jones were married in March of 1955. One child, Robert C. Jones, was born to them in January of 1956. Parties will be referred to as they appeared in the trial court.

On January 7, 1957, a divorce was granted plaintiff and she was given custody with certain rights of visitation by defendant of the child and child support in the sum of $35 per month. This decree of divorce was modified on September 16, 1957, in so far as child custody was concerned by enlarging the defendant's custody of the child and his rights of visitation.

On March 24, 1960, the defendant filed an application to modify the order of January 7, 1957, as changed by the order of September 16, 1957, by making a new arrangement as to the times each party should have custody of their child and also to reduce the amount of child support to $25 a month for the time the child is with the

plaintiff mother. This was contested by plaintiff and by cross-application she asked for exclusive custody of the child and that the amount of child support be increased to $50 a month and for attorney's fees.

■ This is an equitable case and we will render the judgment that we think the trial court should have rendered.

On April 25, 1960, the application to modify and the cross-application came on for hearing. Inasmuch as the child involved here will be six years of age in January, 1962, and the trial court has in our opinion properly provided for the child's custody after that time, we will not change this in any way. The provisions for Christmas and the 4th of July shall be in force. There is no justification to grant the plaintiff exclusive custody of the parties' child.

■ This leaves the matter of child support and attorney's fee for our determination. As far as child support is concerned we think the testimony of the plaintiff is sufficient to justify an increase in the amount to be paid by the defendant to $50 per month because of living costs, but due to the uncertainty of defendant's employment we will not change the amount of $35 monthly.

As to attorney's fee we say that the defendant brought the plaintiff into court asking that the previous orders of the court be modified. It was necessary that the plaintiff have counsel. It was not shown that she had funds of her own that could have paid her attorney.

■ We think it was an abuse of discretion on the part of the trial judge not to allow an attorney's fee to plaintiff. Childers v. Childers, 202 Okl. 409, 214 P.2d 722 and Strauch v. Strauch, 196 Okl. 184, 164 P.2d 220. We consider $50 for her attorney a reasonable fee under the circumstances for his services in the trial court. This fee for appearance in the trial is so ordered.

It was necessary for the plaintiff to appeal the case to this Court to obtain pay for her attorney. The plaintiff was not responsible for this. The defendant shall be required to pay an additional $100 for the expense of this appeal including the attorney fee for the appeal. Thompson v. Thompson, Okl., 347 P.2d 799.

The defendant made $2.05 an hour when he worked and could work 54 hours a week when weather permitted. The number of hours he worked a year was not made clear but he would earn in 40 weeks a year over $4,000.

The trial court is affirmed as to his order pertaining to custody and child support but his judgment is modified as to attorney's fee as set out above.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON, JOHNSON, JACKSON and BERRY, JJ., concur.