Geraldine JONES (now Crawford), Plaintiff in Error,

v.

Louis C. JONES, Defendant in Error.

No. 40687.

Supreme Court of Oklahoma.

April 27, 1965.

Woodrow McConnell, Oklahoma City, for plaintiff in error.

H. C. Ivester, Sayre, for defendant in error.

DAVISON, Justice.

This is an appeal by Geraldine Jones, now Crawford (plaintiff below) from an order of the lower court finding that her former husband (defendant below) was not required to make monthly child support payments for the months the child was in the custody of his father. In an earlier appeal (365 P.2d 1019) this court passed upon the validity and reasonableness of a prior order entered in the same matter.

In the present appeal the question presented is whether the lower court's order was an interpretation and clarification of prior orders or whether it was a modifying order that operated retroactively to deprive plaintiff of accrued child support money. Plaintiff contends that the order is of the latter character.

The divorce decree, rendered January 7, 1957, granted the divorce and custody of

the one year old child to plaintiff with right to defendant to have the child on the second and fourth weekends of each month, and required defendant to pay child support of $35 per month. On September 16, 1957, a "Modification of Custody Order" was made reiterating plaintiff's care, custody and control of the child, but giving defendant two weeks custody in alternate months, and continuing the original decree in full force in all other particulars.

On April 25, 1960, a modification order was made as a result of application by both parties. This is the order that was passed upon in the decision in 365 P.2d 1019. The order denied plaintiff's application for exclusive custody and $50 per month and defendant's application for six months alternating custody and reduction of support to $25 per month payable only during plaintiff's custody period. The order did give defendant additional custody for a limited time to make up for custody time that he had not had the benefit of, and then stated:

"IT IS FURTHER ORDERED AND DECREED that the judgment, decree and orders heretofore entered on January 7th and September 16th, 1957, be and remain in full force and effect in all other particulars until January 1962.

"IT IS FURTHER ORDERED by the Court when the child reaches the age of six years and enters school, which will be in January, 1962, then thereafter the mother shall have the custody of said child during the school period and the father shall have the custody of said child during the summer months."

The order was approved in the above respects in the prior decision, supra.

This, for all practical purposes, is the background for the proceeding and the order now under attack by plaintiff in this appeal. In June, 1963, the defendant complained to the court that plaintiff refused to deliver the child to him on June 1, 1963, in accordance with the order of April 25, 1960. Plaintiff charged that under the prior decree and orders the defendant was obligated to pay $35 per month child support and had failed to pay for the months of June, July and August, 1962, and likewise was obligated to pay for these months in 1963. Defendant contended that he was not required to pay for these months when he had custody of the child. Plaintiff contended to the contrary. The respective contentions are based upon the above described decree and orders.

The lower court sustained defendant's contention and by way of clarification of the prior judgment, relative to support, adjudged that defendant was not required to pay child support during the months of June, July and August of each year when the child was in the defendant's custody.

The hearing preliminary to the order of April 25, 1960, involved both custody and child support and the order made no present change with respect to these, except as to custody for a limited time as above stated. It stated prior orders should remain in force "until January, 1962," and provided for divided custody after that time. Our earlier decision was before January, 1962, and approved both custody and support provisions, but did not construe or define the status of support subsequent to that time.

■ The word "until" is a word of limitation and presupposes a precedent status shall fall upon the happening of a condition. Bud Hoard Co. v. F. Berg & Co., 137 Okl. 16, 278 P. 273, 274. However, we do not believe that it was the intent of the lower court to terminate support after January, 1962, because there was an absence of any showing of circumstances that would relieve defendant of his obligation to support his child. The court was under a statutory duty to make provision for the support of the minor child of the parties. Parkey v. Parkey, Okl., 371 P.2d 711; 12 O.S.1961, § 1277. It appears that the parties recognized defendant's duty (to support to the extent of $35 per month) continued after January, 1962, but differed on

whether it existed when defendant had custody. It is evident that the order does not clearly settle whether payments are to be made while defendant has custody. In short, at the last hearing the court was called upon to construe its own prior order relative to support.

In Titsworth v. Titsworth, 206 Okl. 399, 244 P.2d 295, we held that the purpose and function of a court in construing a divorce decree entered by it is to give effect to that which is already latently in the judgment, and the court has no warrant to add new provisions, substantive or otherwise, which were omitted or withheld in the first instance in the decree.

It is our conclusion that the trial court was properly construing the prior order of April 25, 1960, as a means of clarifying the same. The order appealed from was not a modification of the prior order to take effect retroactively.

Plaintiff contends the order was not within the issues. The controversy was whether defendant was required to pay child support during the vacation months. The lower court construed the prior order to mean he did not have to make such payments. Clearly this was within the issues.

Plaintiff further contends that the lower court erred and abused its discretion in failing to allow plaintiff her attorney fees and expenses.

The present controversy arose out of a dispute as to provisions of a prior order for child support and as a result each party asked that the other be cited for contempt. Under the circumstances above related, and a finding that plaintiff's acts were not willful, the court did not issue a citation against plaintiff. An allowance of attorney fees and expenses in such a proceeding is addressed to the sound discretion of the trial court. In Miller v. Miller, Okl., 383 P.2d 873, it is stated:

"An application for attorney's fee to the wife in defense of a motion to modify a prior decree in a divorce action, relative to the support of minor children, is addressed to the sound discretion of the trial court and its ruling in this respect will not be disturbed on appeal in the absence of a showing of an abuse of discretion."

We cannot say that the trial court was guilty of any abuse of discretion.

Affirmed.

HALLEY, C. J., JACKSON, V. C. J., and WILLIAMS, BLACKBIRD, BERRY and HODGES, JJ., concur.