■ URSULA H. JOACHIM, Respondent, v HEINRICH JOACHIM, Appellant.— In a matrimonial action, the defendant appeals from so much of an order of the Supreme Court, Westchester County, dated August 17, 1976, as, in denying the plaintiff's motion to hold him in contempt for his failure to pay child support, (1) determined that the proper means of resolving the issue raised by his opposition to the plaintiff's motion was an action for a declaratory judgment, (2) directed him to commence such an action within 30 days and (3) granted the plaintiff leave to renew should he fail to commence such an action. Order reversed insofar as appealed from, on the law, without costs or disbursements, and application to hold defendant in contempt denied outright. Plaintiff's judgment of divorce from defendant, as modified on appeal *(Joachim v Joachim,* 48 AD2d 855), awarded her alimony, custody of their minor daughter and $35 per week for support of the child. The defendant subsequently applied for and received Social Security benefits, with the result that plaintiff receives monthly Social Security payments (which now equal $35 per week) for the benefit of the child. On the advice of counsel the defendant continued to pay plaintiff alimony but stopped paying child support. The plaintiff moved to punish him for contempt for his failure to make eight specified child support payments, and he opposed the motion on the ground that the Social Security payments

constituted child support and relieved him, *pro tanto,* from his obligation to pay for his daughter's support. The court at Special Term found that a prior unappealed order of another Justice at Special Term was the law of the case and established that the proper means for adjudicating defendant's claim was by a declaratory judgment. The court also found that defendant's default was not willful and denied the motion to punish him for contempt. However, it directed him to commence an action for a declaratory judgment within 30 days, failing which plaintiff was granted leave to renew her application. Under the facts disclosed, the doctrine of the law of the case does not apply and, even if it did, it would not be binding on this court as an appellate tribunal (see *Walker v Gerli,* 257 App Div 249, 251–252). We hold that the Social Security payments to plaintiff for the benefit of the child do not relieve defendant, even *pro tanto,* from his obligation to pay for the support of his child in the absence of a showing of financial inability (cf. *Matter of Quat v Freed,* 25 NY2d 645, 646; *Beardsley v Hotchkiss,* 96 NY 201, 219–220; *Siegel v Hodges,* 15 AD2d 571, 572). There is thus no need for a declaratory judgment to this effect and, since the record supports the finding that the defendant's default was not willful, the motion to punish him for contempt should have been denied without qualification. He may, if he be so advised, apply for a reduction in child support payments. On such an application the fact that plaintiff is receiving Social Security payments for the child may be considered by the court, along with other relevant circumstances, in determining the proper amount to be allowed for child support. Hopkins, Acting P. J., Latham, Damiani and Rabin, JJ., concur.