**Connie HENNAGIN et al., Plaintiffs,**

v.

**COUNTY OF YOLO et al., Defendants.**

**Civ. No. S–78–569 PCW.**

United States District Court,
E. D. California.

June 26, 1979.

Frank J. Ochoa, Jr., Legal Aid Society of Sacramento County, Woodland, Cal., for plaintiffs.

Elizabeth A. Stoltz, Deputy County Counsel, Woodland, Cal., for defendants.

## MEMORANDUM AND ORDER

WILKINS, Chief Judge.

The above-entitled action came before the Court for a May 7, 1979 hearing on the parties' cross motions for summary judgment or partial summary judgment. The Social Security Administration was granted leave to file an amicus brief of its position in the matter by Friday, May 11, 1979, after which time the matter was submitted for decision.

The parties are in agreement that there are no disputed issues of fact, but only of law; therefore, resolution of the controversy by summary judgment is appropriate. The sole legal issue before the Court is which of the parties is entitled to a $5,549.00 check representing retroactive disability benefits for the children of Frank Hennagin (plaintiffs herein) payable as a result of Frank's disability. Plaintiff Connie Hennagin (mother of the children) signed the check over to defendants on June 23, 1978, and those funds remain in the possession of defendants.

Under 42 U.S.C. § 602(a)(26)(A) and California Welfare & Institutions Code § 11477, an assignment by operation of law arises in favor of defendants to "any rights to support from any other person" which an AFDC recipient (plaintiffs here) may have. However, under 42 U.S.C. § 407, social security benefits are neither assignable nor subject to other legal process. *See also, Philpott v. Essex County Welfare Board*, 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973). Subsequent to 42 U.S.C. § 407 and *Philpott, supra*, Congress enacted an exception to the general proscription against assignment—this. exception applying to the federal program for enforcement of child support. See 42 U.S.C. § 659(a).

This Court finds that the instant lump sum disability benefits of $5,549.00 are not ". . . moneys . . . payable by, the United States . . . to any individual . . ." obligated · to provide child support, within the meaning of 42 U.S.C. § 659(a). Though the children's entitlement to benefits is determined in part upon their father's disabled status, it is the children and not the father who are entitled to the funds. *See* 42 U.S.C. § 402(d)(1); *see also, Miller v. Shapiro*, 4 Conn.Cir. 63, 225 A.2d 644, 646 (1966). These benefits are paid directly to the children through their mother as representative payee. *See* 42 U.S.C. § 405(i), (j); 20 C.F.R. § 404.1601.

Thus the Court hereby holds that the support obligations of Frank Hennagin, the father, upon whose account the children's disability benefits derive, cannot be satisfied pursuant to 42 U.S.C. § 659(a) by reaching the children's benefits. And, notwithstanding the assignment by law procedure of 42 U.S.C. § 602(a)(26)(A) and California Welfare & Institutions Code § 11477, 42 U.S.C. § 407 prevents the assignment or use of other legal process for the defendants to obtain the children's disability benefits.

The Court adopts the position of the Social Security Administration, as reflected in the affidavit of Thomas Tierney filed May 11, 1979, that in instances where a parent is responsible for making court-ordered support payments, such legal obligation cannot be discharged by denominating children's disability insurance benefits as "child support" from the parent. *See Fuller v. Fuller*, 49 Ohio App.2d 223, 360 N.E.2d 357 (1976). To require that the children's disability benefits here be credited toward their father's child support arrearages would indeed be ". . . ordering the children to pay the accrued arrearages for their own support." *Fuller, supra*, at 358.

IT IS THEREFORE ORDERED that plaintiffs' motion for partial summary judgment be, and the same hereby is, GRANTED, to the extent that the Court hereby declares plaintiffs' entitlement to the $5,549.00.

IT IS FURTHER ORDERED that defendant's cross motion for summary judgment be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants hold the $5,549.00 in trust, pending appeal of this Court's instant ruling.

IT IS FURTHER ORDERED that this Order be certified for an immediate appeal, pursuant to 28 U.S.C. § 1292(b), insofar as this Order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation.

IT IS FINALLY ORDERED that the remainder of plaintiffs' action herein be stayed pending appeal.