Nancy M. NIBS, Appellant,

v.

Timothy G. NIBS, Appellee.

No. 51984.

Supreme Court of Oklahoma.

March 10, 1981.

Legal Aid of Western Oklahoma, Inc. by Stan L. Foster and Porter H. Morgan, III, Oklahoma City, for appellant.

DOOLIN, Justice.

Nancy Nibs and Timothy Nibs were married in 1956 and during their marriage they had four children. Timothy became totally disabled for social security purposes and Nancy began receiving benefits for herself and the four children in 1967. On July 23, 1974, the parties were divorced. Nancy was awarded custody of the couple's four children. The divorce decree included a finding that Timothy was employed and well able to provide for the support of the children. Timothy was ordered to pay $150.00 total per month as child support. There was no mention in the decree of the effect of the social security payments on the support obligation.

On July 21, 1977, Nancy filed an Application for Citation for Contempt against Timothy, requesting that he be adjudged guilty of contempt for failure to pay the child support, and requesting a judgment against Timothy for the past due child support.

On January 28, 1978, at hearing on Nancy's application, the evidence showed that at the time of the divorce Timothy had a total income of approximately $1600.00 per month. This amount was composed of the following: $176.00 per week from employment, $237.00 per month in Social Security disability payments, $220.00 per month in V.A. disability payments and $432.00 per month for the G.I. Bill. At the time of the divorce, Nancy was receiving approximately $236.00 per month from social security disability payments on behalf of her children.

The evidence at the hearing also showed that Timothy paid court-ordered child support in full until February, 1975. After that date, the testimony is in conflict as to the amount paid.

The court found that Timothy was entitled to credit for the social security disability benefits paid to the children, and denied Nancy's Application for Contempt and Judgment for the child support in arrears. It is from this order and judgment an appeal is taken.

The sole issue for our consideration is whether Timothy should be allowed credit for the social security disability payments made on behalf of his children. There are a number of cases which hold that credit should be allowed.[1] Different courts considered various factors important, such items as financial position of the individual seeking the credit, retirement and earnings of that individual, and the harshness or inequity which would result from not permitting the credit.

There are cases which refuse to permit the credit.[2] The cases refusing to allow credit generally do so on the ground that to permit credit would retroactively modify the divorce decree, which would be improper in those states.

However, none of the cases, whether permitting credit or not, are truly analogous to the case at bar. The cases herein cited are all instances where social security payments were not being received on behalf of the children when the divorce decree was rendered. We have found no case with similar facts to the case at bar, where a social security award was in existence when the decree of divorce was granted.

After a thorough review of all the cases, both pro and con the granting of credit, and especially a review of the record in this case, we are persuaded that the trial court hearing the contempt action erred in granting the credit.

The trial court granting the divorce decree was within its discretion to consider the social security payments as a credit against the child support obligation, and from the evidence before us we believe it decided credit should not be granted.

"Within the sound discretion of the trial court such payments may properly be considered in determining the extent of the obligation of a parent to support mi-nor children, together with the estate of the husband, his income, age, health, and earning capacity and the age, health, station and separate estate of the wife." *Fowler v. Fowler*, 156 Conn. 569, 244 A.2d 375 (1968).

We base our conclusion on the following facts:

(1) the divorce decree states specifically that Timothy shall pay child support in the amount of $150.00 per month; it makes absolutely no mention of allowing the social security payments to substitute for that obligation;

(2) the court-ordered child support payment of $150.00 per month seems to us quite low to support four children, even by 1975 standards when the divorce was granted; this is especially true when compared to Timothy's monthly income of $1,600.00;

(3) Timothy made the $150.00 monthly payments for 7–8 months and stopped or decreased it dramatically upon his remarriage. At least one Oklahoma case has indicated the practical construction of the divorce decree by the parties is of at least some importance.[3] We consider it highly unlikely that Timothy would have made the payments had it been the clear intent of the divorce decree that his child support obligation was satisfied through the social security payments.

Nancy does not appeal the trial court's finding that Timothy was not in contempt and so we affirm that holding of the trial court.

REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.

IRWIN, C. J., BARNES, V. C. J., and WILLIAMS, HODGES and SIMMS, JJ., concur.

LAVENDER, HARGRAVE and OPALA, JJ., dissent.

---

1. *Cash v. Cash*, 234 Ark. 603, 353 S.W.2d 348, (1962); *Andler v. Andler*, 217 Kan. 538, 538 P.2d 649 (1975); *McClaskey v. McClaskey*, 543 S.W.2d 832 (Mo.Ct.App.1976); *Potts v. Potts*, 240 N.W.2d 680 (Iowa 1976).

2. *Chase v. Chase*, 74 Wash.2d 253, 444 P.2d 145, (1968); *Fowler v. Fowler*, 156 Conn. 569, 244 A.2d 375 (1968); *Joachim v. Joachim*, 57 A.D.2d 546, 547, 393 N.Y.S.2d 63 (App.Div. 1977), cert. den'd 434 U.S. 1066, 98 S.Ct. 1242, 55 L.Ed.2d 767 (1978); *Hennagin v. County of Yolo*, 481 F.Supp. 923 (E.D.Cal.1979).

3. *Greeson v. Greeson*, 208 Okl. 457, 257 P.2d 276 (1953).

LAVENDER, Justice, dissenting:

In this case the trial court correctly ruled that Appellee was entitled to credit for social security disability payments which were made to his former wife for the benefit of the minor children. Social security benefits are not gratuitous, but are earned, and they constitute, in effect, insurance payments substituting for lost earning power. *Potter v. Potter*, 169 N.J. Super. 140, 404 A.2d 352, 356 (Super.Ct.App.Div.1979); *Horton v. Horton*, 219 Ga. 177, 132 S.E.2d 200 (1963); Annot., 77 A.L.R.3d 1315, 1319 (1977). It is therefore equitable to substitute social security disability benefits for child support for the period during which such benefits are paid. *Potts v. Potts*, 240 N.W.2d 680, 681 (Iowa 1976). Credit for social security disability payments should be allowed where, as here, there are no contrary provisions in the divorce decree. *Binns v. Maddox*, 57 Ala.App. 230, 327 So.2d 726 (1976); *Horton v.Horton, supra; Andler v. Andler*, 217 Kan. 538, 538 P.2d 649 (1975).

The cases [1] from other jurisdictions which held that a father was not entitled to credit against his child support obligation for social security disability payments made to his former wife for the benefit of the children are not applicable. Those cases represent special instances where the determination of whether social security payments will be credited turns on financial circumstances. *Potter v. Potter, supra.*

The trial court's order allowing credit for social security benefits toward the father's child support obligation was an interpretation and construction of the divorce decree. It did not constitute a retroactive modification that operated to deprive the mother of accrued arrearages. The purpose and function of a court in construing a divorce decree is to give effect to that which is already latently in the judgment, and the court lacks warrant to add new provisions, substantive or otherwise, which were omitted or withheld in the first instance in the decree. *Jones v. Jones*, 402 P.2d 272, 275

(Okl.1965). In my view to now hold that the decree meant to provide for child support *in addition* to the social security benefits is to add new provisions to that decree.

The father's duty to support is recognized in the divorce decree, but the support order does not say whether payments could be satisfied by social security disability payments made to the mother for the benefit of the children. When the wording of a judgment is not clear, it should be construed so as to carry out the purpose and intent of the action. *Hicks v. Hicks*, 417 P.2d 830, 832 (Okl.1966). The purpose of the support provision in the divorce decree—to provide for the support of the minor children—was not contravened by the trial court's allowance to the husband of credit for the social security benefits paid by reason of his physical infirmities.

I would affirm the judgment of the trial court.

I am authorized to. state that HARGRAVE, J., and OPALA, J., concur in the views herein expressed.

---

1. *Fowler v. Fowler*, 156 Conn. 569, 244 A.2d 375 (1968); *Chase v. Chase*, 74 Wash.2d 253, 444 P.2d 145 (1968).