**Katie McDANIELS, Individually and on behalf of all others similarly situated**

v.

**Margaret M. HECKLER,[1] Secretary, Department of Health and Human Services.**

Civ. A. No. M–82–3293.

United States District Court, D. Maryland.

Sept. 6, 1983.

---

[1]  Margaret M. Heckler succeeded to the office of Secretary on March 9, 1983, and has been substituted as the defendant. Rule 25(d)(1), Fed.R.Civ.P.

Ethel Zelenske and Dennis W. Carroll, Legal Aid Bureau, Inc., Baltimore, Md., for plaintiffs.

J. Frederick Motz, U.S. Atty. for Maryland, and Glenda G. Gordon, Asst. U.S. Atty., John W. Wojciechowski, Dept. of Health and Human Services, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

The plaintiff initiated this action on November 10, 1982. She sought a preliminary injunction to enjoin the defendant, then Richard Schweiker, Secretary of Health and Human Services, from recovering overpayments of Supplemental Security Income (SSI) benefits, paid under Title XVI of the Social Security Act from individuals currently entitled to benefits under Title II of the Act, Old Age, Survivors, and Disability Insurance (OASDI), by adjustment of their current OASDI benefit (hereinafter referred to as cross-program recovery). Alternatively, the plaintiff sought to enjoin the Secretary from seeking such recovery without first advising overpaid individuals (1) that section 207 of the Social Security Act, 42 U.S.C. § 407, precludes OASDI benefits from assignment and legal process, (2) that they have a right to seek waiver of the overpayment or request reconsideration of the overpayment determination, and (3) that recovery of the overpayment may be barred by a statute of limitations.

On December 2, 1982, the parties entered into an "Agreement in Lieu of Preliminary Relief" (Paper 6) which was approved by the court. Pursuant to the Agreement, the defendant has temporarily ceased all efforts to include additional individuals in Maryland in cross-program recovery and restored the benefits of the plaintiff and putative class members as of January, 1983. If not enjoined, it is the intention of the defendant to continue cross-program recovery with revised notices.

The case is currently before the court on cross-motions for summary judgment. The factual record consists of stipulations of fact entered into by the parties (Paper 8). The court has considered the memoranda furnished by counsel and the arguments of counsel presented at oral argument on February 4, 1983.

## I.  STATEMENT OF FACTS

This action is brought as a class action pursuant to Rule 23(a) and (b)(1)(A) and (b)(2), Fed.R.Civ.P.  It is brought on behalf of the named plaintiff and all persons in Maryland who (1) are currently entitled to receive monthly benefits under the OASDI, (2) are former recipients of SSI benefits, (3) have been or will have been paid in the past more in SSI benefits than those to which they are entitled, (4) have signed or at the request of the defendant will sign an agreement to assign all or a portion of their monthly OASDI benefits to the Social Security Administration in order to repay their SSI overpayment, (5) have had or will have their OASDI monthly benefits reduced, suspended or terminated by the Social Security Administration for the purposes of recovering an SSI overpayment; and (6) have had or will have their OASDI benefits reduced, terminated or suspended (a) without having been fully advised by the Social Security Administration of their rights to possible exemption, waiver, or appeal of the Administration's action or (b) that their benefits are exempt from legal process or (c) that any claim to reimbursements may be precluded by the statute of limitations on these claims.  (Paper 2 at 3–4).

The named plaintiff, Katie McDaniels, is a 68 year old widow who resides in Baltimore City.  She is illiterate and entirely dependent on the $272.00 per month she receives as benefits under the OASDI program.  Mrs. McDaniels never applied for SSI, but received the benefits from January, 1974 to May, 1975 when she was automatically transferred into the program when it replaced the State program for aid to the aged, blind and disabled in January, 1974.  In April, 1974, Mrs. McDaniels began receiving monthly OASDI benefits as a widow of a deceased wage earner.  Mrs. McDaniels believed she was entitled to both the OASDI and SSI benefits, and there are no allegations by the defendant that she obtained the two checks by fraud.  She received her last SSI check in May, 1975 and received no notice that she had been overpaid until March 24, 1982, when she received notice (Paper 2, Exh. 1) that an outstanding balance of $1,836.00 existed on an alleged overpayment of SSI benefits.  The notice is alleged by the plaintiff to be inadequate for failing to advise her of her rights under the Constitution and Title 42.

After receiving the SSI notice of overpayment, Mrs. McDaniels signed the form authorizing the defendant to withhold $51.00 per month from her OASDI check until the alleged overpayment was repaid.  Withholding began in May, 1982, and continued until the parties entered into the "Agreement in Lieu of Preliminary Relief."  Mrs. McDaniels did not understand at the time she agreed to the withholding that she could refuse to do so without penalty.  She believed if she didn't agree to the monthly reduction, her entire check would be withheld until the overpayment was reimbursed.  See Stipulation of Fact at ¶ 15, Paper 8; Exh. 6 to Plaintiff's Memorandum in Support of Motion for Preliminary Injunction.

## II.  JURISDICTION AND CLASS CERTIFICATION

The plaintiff has alleged that this court has jurisdiction pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), and alternatively, the Mandamus Act, 28 U.S.C. § 1361.  The Secretary has not challenged subject matter jurisdiction.  Nevertheless, the court is compelled to examine the basis of its own jurisdiction.

Section 405(g) reads in pertinent part:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.  Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides. . . ."

*Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), and *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct.

893, 47 L.Ed.2d 18 (1976), hold that there are two essential elements to jurisdiction under section 405(g): (1) a claim must have been presented to the Secretary; and (2) all administrative remedies must have been exhausted. The exhaustion requirement may be waived by the Secretary, or the court may find that the Secretary has made a final decision. However, the requirement that an individual must present a claim to the Secretary may not be waived.

The second prerequisite to bringing a case under section 405(g) is not in question here. The Secretary has acquiesced to this court's exercise of jurisdiction and this, alone, constitutes a waiver of the exhaustion requirement. Additionally, her stipulation to facts constitutes a waiver. *See Mathews v. Diaz,* 426 U.S. 67, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976). *See also Adams v. Califano,* 474 F.Supp. 974 (D.Md.1979) (Northrop, J.).

Satisfaction of the first prerequisite, presentation of the claim to the Secretary, is more problematical. The Fourth Circuit in *Lowther v. Montgomery County,* 561 F.2d 1120 (4th Cir.1977), has strictly interpreted *Salfi* and *Eldridge.*

> "*Salfi, supra,* and *Eldridge, supra,* make it clear that only individuals who themselves have presented their claims to the Secretary are entitled to judicial review under section 405(g)."

*Id.* at 1122.

The named plaintiff, Katie McDaniels, has presented her claim to the Secretary. She, through her counsel, requested that recoupment cease and that she be granted a waiver, but recoupment continued until entry of the "Agreement in Lieu of Preliminary Relief" filed in this suit. *See* Stipulation of Fact at ¶ 13; Exh. 3 to Plaintiff's Complaint.

■ The position of the unnamed plaintiffs, however, is very different. There is no stipulation that they filed a claim, formally or informally, with the Secretary, and, although such action may have appeared futile, futility will not excuse failure to file a claim, *see Lowther, supra* at 1122. In *Califano v. Yamasaki,* 442 U.S. 682, 698–701, 99 S.Ct. 2545, 2556–2557, 61 L.Ed.2d 176 (1979), the Court limited class relief, in a case in which the plaintiffs claimed entitlement to an oral hearing prior to recoupment under section 204(a)(1) of the Social Security Act, to those class members who met the requirements of section 205(g) of the Act, 42 U.S.C. § 405(g).

■ This court, therefore, is constrained to find that it does not have jurisdiction pursuant to 42 U.S.C. § 405(g) to consider claims of class members where it has not been demonstrated that they filed a claim with the Secretary. The court's consideration in the present case is limited to the claim of the named plaintiff, Katie McDaniels, unless there is some independent ground for jurisdiction.

■ The plaintiffs have alleged jurisdiction pursuant to 28 U.S.C. § 1361, the Mandamus Act. The exercise of jurisdiction under the Mandamus Act is appropriate only when no other administrative or judicial remedy is available. *See Cook v. Arentzen,* 582 F.2d 870 (4th Cir.1978). In the present action, the unnamed class members have an adequate judicial remedy under section 405(g). They, however, have not satisfied the requirements under section 405(g) so their claims cannot be considered. The motion for class certification will be denied, therefore, and the claim of Katie McDaniels only will be resolved on the merits.

## III. LEGAL DISCUSSION

■ The plaintiff argues that section 407 of Title 42 prevents any cross-program recovery, voluntary or otherwise. Section 407 provides:

> "The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."

The proscription in Title II (OASDI), 42 U.S.C. § 407, is incorporated in Title XVI (SS) by 42 U.S.C. § 1383(d)(1) which provides:

"The provisions of section 407 of this title and subsections (a), (d), (e), and (f) of section 405 of this title shall apply with respect to this part to the same extent as they apply in the case of subchapter II of this chapter."

This proscription against the assignment or transfer of OASDI proceeds and the use of execution, levy, attachment, garnishment, or other legal process to acquire the proceeds has been broadly construed. In *Philpott v. Essex County Welfare Board,* 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973), the Supreme Court rejected the view that section 407 applied only to private, not governmental, creditors. *See also Hennagin v. County of Yolo,* 481 F.Supp. 923 (E.D. Cal.1979).

In reaching its decision, the Court indicated the broad reach of section 407:

"On its face, the Social Security Act in § 407 bars the State of New Jersey from reaching the federal disability payments paid to [the petitioner]. The language is all-inclusive: '[N]one of the moneys paid or payable ... under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process ....' The moneys paid as retroactive benefits were 'moneys paid ... under this subchapter'; and the suit brought was an attempt to subject the moneys to 'levy, attachment ... or other legal process.'"

409 U.S. at 415–16, 93 S.Ct. at 592.

The Court also stated:

"[Section] 407 does not refer to any 'claim of creditors'; it imposes a broad bar against the use of any legal process to reach all social security benefits. That is broad enough to include all claimants, including a State."

*Id.* at 417, 93 S.Ct. at 592.

Those cases in which section 407 has been held not to be applicable are ones involving the reduction of other non-Social Security benefits, usually insurance or pension proceeds, to compensate for an individual's receipt of Social Security benefits. *See Raskin v. Moran,* 684 F.2d 472, 476 n. 7 (7th Cir.1982) (section 407 does not conflict with state statute reducing salary of reserve judges by the amount of their Social Security benefits); *Lamb v. Connecticut General Life Insurance Co.,* 643 F.2d 108 (3d Cir. 1981), *cert. denied,* 454 U.S. 836, 102 S.Ct. 139, 70 L.Ed.2d 116 (1982) (prohibition against assignment of Social Security benefits does not prohibit reduction of payments under group disability insurance policy which reflect amount of Social Security benefits received); *Hurd v. Illinois Bell Telephone Co.,* 136 F.Supp. 125, 141–44 (N.D. Ill.1955) (offset of federal old-age insurance benefits against amount of pension paid by employers' pension plan was not a transfer within meaning of section 407). Such cases are inapposite to the present situation, however, because in those cases none of the permissible offsets had any impact on the level of funds the recipient received from Social Security. The level of minimum benefits set by Congress was preserved.

Congress, where it thought it appropriate, has made specific exceptions to the operation of section 407. For example, 42 U.S.C. § 659 carves out an exception to the general proscription against assignment to permit Social Security benefits to be reached for enforcement of child support. *See Hisquierdo v. Hisquierdo,* 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979); *Hennagin v. County of Yolo, supra.*

More importantly for purposes here, Congress empowered the defendant through the 1968 amendments to the Social Security Act, Pub.L. 90–248, to recover OASDI overpayments by adjusting future payments.

"(a) Whenever the Secretary finds that more or less than the correct amount of payment has been made to any person under this subchapter, proper adjustment or recovery shall be made, under regulations prescribed by the Secretary, as follows:

(1) With respect to payment to a person of more than the correct amount,

the Secretary shall decrease any payment under this subchapter to which such overpaid person is entitled, or shall require such overpaid person or his estate to refund the amount in excess of the correct amount, or shall decrease any payment under this subchapter payable to his estate or to any other person on the basis of the wages and self-employment income which were the basis of the payments to such overpaid person, or shall apply any combination of the foregoing. . . .

(b) In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience.

.      .      .      .      .

(e) For payments which are adjusted by reason of payment of benefits under the supplemental security income program established by subchapter XVI of this chapter, see section 1320a–6 of this title."

42 U.S.C. § 404.

Congress also empowered the Secretary in 1972, Pub.L. 92–603, to recover SSI overpayments by adjusting and reducing future payments:

"(b)(1) Whenever the Secretary finds that more or less than the correct amount of benefits has been paid with respect to any individual, proper adjustment or recovery shall, subject to the succeeding provisions of this subsection, be made by appropriate adjustments in future payments to such individual or by recovery from or payment to such individual or his eligible spouse (or by recovery from the estate of either). The Secretary shall make such provision as he finds appropriate in the case of payment of more than the correct amount of benefits with respect to an individual with a view to avoiding penalizing such individual or his eligible spouse who was without fault in

connection with the overpayment, if adjustment or recovery on account of such overpayment in such case would defeat the purposes of this subchapter, or be against equity or good conscience, or (because of the small amount involved) impede efficient or effective administration of this subchapter.

.      .      .      .      .

(3) For payments for which adjustments are made by reason of a retroactive payment of benefits under subchapter II of this chapter, see section 1320a–6 of this title."

42 U.S.C. § 1383(b).

What Congress has not done, explicitly, is empower the defendant to adjust or reduce OASDI benefits as a result of SSI overpayments. There is no statutory provision permitting the defendant's present practice of cross-program recovery. The defendant points to a regulation, 20 C.F.R. 416.570, as authority for its program. It provides:

"Where a recipient has been overpaid, the overpayment has not been refunded, and waiver of adjustment or recovery is not applicable, the overpayment is adjusted against any payment due the overpaid recipient or his eligible spouse (or recovery from the estate of either or both when either or both die before adjustment is completed). Adjustment will generally be accomplished by withholding each month a part of any benefit payable to the individual except that, when the overpayment is identifiable wholly or as part of the recipient's nonexcluded resources or where the overpayment results from the disposition of resources as provided by § 416.1240(b), the overpayment will be adjusted against any payments due the overpaid recipient or his eligible spouse before any further payment is made. *Absent a specific request from the person from whom refund is sought, no overpayment made under title II or title XVIII of the Act shall be adjusted against supplemental security income benefits, and no overpayment of supplemental security income benefits shall be adjusted against benefits payable under*

*title II of the Act.* However, a request for an adjustment of an overpayment of supplemental security income benefits against title II benefits shall not be honored if such adjustment would result in an increase in the amount of or reestablishment of eligibility for benefits under this part, and in no case shall an overpayment of supplemental security income benefits be adjusted against title XVIII benefits."

(Emphasis supplied).

Although the Secretary premises authority for promulgation of this regulation and others in Subpart E of Chapter 20 on 42 U.S.C. §§ 1302, 1381, 1381a, 1382, 1382c, 1383 and 1383b, *see* 20 C.F.R. Subpart E at 458, this court believes that notwithstanding these provisions the Secretary has inherent power to seek voluntary cross-program recovery. Where Congress has empowered the Secretary to recover both SSI and OASDI overpayments, this court is of the view that any interpretation of the statutes which would preclude the Secretary from seeking voluntary cross-program recovery would be entirely too narrow.

■ It is clear, however, from the cases cited previously that any recovery program which reduces the minimum level of benefits set by Congress must not proceed by any form of legal process without express statutory authority. The remaining question before this court, therefore, is whether the notice forms used by the Secretary were sufficient to put the recipients on notice that their agreement to recovery was voluntary. In the absence of sufficient notice of voluntariness, the Secretary's practice is the equivalent of legal process.

The only notice form before this court is that received by Katie McDaniels. A copy of it is attached to this Memorandum as Exhibit 1. The notice form is entitled *Supplemental Security Income Notice of Action to Recover Overpayment.* It says that there is an outstanding balance due and requests the recipient to send a check or money order immediately. It instructs the recipient that if he or she cannot refund the full amount, he or she should refund "as much as you can and contact [the agency] to arrange for refunding the balance." It gives the recipient the option of having the balance withheld from Social Security checks or contacting the agency to arrange some other payment schedule.

Although nowhere on its face does this notice suggest that the Secretary would take any legal action to secure the overpayment, by using terms such as "overpayment due" and "balance" it strongly suggests that the recipient is responsible for repaying overpayments. It gives the recipient the options of (1) paying in full, (2) paying it partially and having the rest withheld from subsequent benefit checks, or (3) arranging some other method, but it does not present the recipient with the option of not paying it at all. This court believes that the notice sent to Katie McDaniels contains implied threats that sanctions will be imposed if payment is not made.

The language of section 407 is sufficiently broad to lead to the conclusion that Congress intended it to prohibit implied threats of formal sanctions as well as the sanctions themselves. Under similar circumstances, Judge Fullam of the District Court of the Eastern District of Pennsylvania commented as follows:

"This deliberate ... policy of withholding information from welfare recipients, coupled with the collection practice of giving recipients the false impression that they have a legal duty to pay over their disability benefits, is tantamount to the use of 'legal process' to collect that money, which is prohibited by 42 U.S.C. § 407."

*Moore v. Colautti,* 483 F.Supp. 357, 368–69 (E.D.Pa.1979), *citing Randle v. Beal,* Civil No. 73–1709 & 73–1282 (E.D.Pa. May 17, 1976), *reversed on other grounds,* 551 F.2d 2 (3d Cir.1977).

In this case where the program is touted as one which is totally voluntary, notice must, at a minimum, make it clear to the recipient that the decision to repay is voluntary and that no legal process or judicial action will result from refusal to repay.

Furthermore, because many of the recipients of these notices are unsophisticated, the Secretary is charged with the duty of making the notice one that is clear and specific. *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 15, 98 S.Ct. 1554, 1563, 56 L.Ed.2d 30 (1978). In view of the fact that the recipient's decision to pay back overpayments must be voluntary, and in view of the fact that the Secretary must so notify the recipient, this court is of the view that the Secretary need not also notify the recipient of other defenses such as appeal rights and statute of limitations issues.

For the reason that McDaniels has been reimbursed, *see* Stipulation of Facts at ¶ 14, the issue of monetary damage is moot. Accordingly, this court will confine its relief to declaratory and injunctive relief.

The court concludes that the notice sent to Katie McDaniels was inadequate to notify her of her opportunity for waiver, and, therefore, finds that her decision to repay was not voluntary. A judgment will be entered for the plaintiff in accord with the views expressed herein, and the motion for class certification is DENIED this 6th day of September, 1983.

EXHIBIT 1

# Supplemental Security Income Notice of Action to Recover Overpayment

From: Department of Health and Human Services
Social Security Administration

Date:
Social Security Number:

There is an outstanding $          balance on your supplemental security income overpayment due the Social Security Administration.

Please refund the $          immediately. Make your check or money order payable to the Social Security Administration, social security number          , and mail it in the enclosed envelope.

If you cannot make full refund at this time, please refund as much as you can and contact us to arrange for refunding the balance. For your convenience, we can withhold the balance of your overpayment from your social security benefit.

If you would like to use this method of repaying your overpayment, please sign the attached statement and return it to us in the enclosed envelope.

If you wish to discuss a different method of repaying the overpayment, call, write or come into this office.

Enclosures

= = = = = = = = = = = = = = = = = = = =

_____
Name

_____
SSN

For my convenience, please withhold my full social security benefit each month until my supplemental security income (SSI) overpayment of $          is fully recovered.

_____          _____
Signature                                  Date