**Lonnie B. WILSON, Appellant,**

v.

**Teresa G. STENWALL, Appellee.**

**No. 77439.**

Court of Appeals of Oklahoma, Division No. 1.

March 24, 1992.

*MEMORANDUM OPINION*

GARRETT, Presiding Judge.

Lonnie B. Wilson (Father) and Teresa G. Stenwall (Mother) are the parents of Damon Wilson (child or minor child). Mother obtained a judgment in Colorado against Father for child support. Custody of the minor child was equally divided between Father and Mother. Several years after the Colorado decree was entered, Father retired and began to receive Social Security benefits. The minor child also began to receive Social Security because of Father's retirement.

In 1989, Father, an Oklahoma resident, brought this action seeking sole custody of the minor child and reasonable child support. At the time of trial, the child was fifteen (15) years old and had been in the actual custody of Father for approximately one and one half years. The matter was set for trial. On the day of trial, the parties stipulated: (1) the court had jurisdiction of the case; (2) Father would have custody during the school year; and, (3) Mother would have custody for two months each summer. As to income, they

stipulated Mother's salary was $2,317.00 per month; that Father's income was $478.00 per month derived from Social Security benefits paid to him by reason of his retirement; that the minor child received Social Security benefits of $271.00 per month by reason of his father's retirement; and, that each party pay their own attorney fees.

The issues remaining to be decided were: (1) whether Mother should pay or receive child support during the two month period she had summer custody of the child; (2) whether the $271.00 payment made by Social Security on behalf of the minor child should be credited to the total amount of child support as computed under the child support guidelines; and, (3) the amount of child support to be paid by Mother.

The parties later reached an agreement that Mother would be paid $50.00 per month child support during her two month summer custody period. The parties could not agree on how the Social Security benefits should be applied. The trial court entered judgment allowing Mother a credit for a portion of child's Social Security benefits ($148.27) against her child support obligation, which was determined to be $437.71 per month during Father's custody period. The amount of child support from Mother was lowered to $289.44 to reflect the Social Security benefit credit.

On appeal, Father contends the trial court erred in allowing Mother any credit against her child support obligation on account of the minor child's Social Security benefit. He relies, inter alia, on *Nibs v. Nibs*, 625 P.2d 1256 (Okl.1981). In that case, Social Security benefits were being paid to Mr. Nibs because he was disabled. Social Security payments were also being paid to his children. Mr. and Mrs. Nibs were divorced. She was awarded custody of the children and he was ordered to pay child support. The divorce judgment simply did not mention the Social Security benefits, or any credit therefor, and the judgment became final. At a later time, Mrs. Nibs cited Mr. Nibs for contempt for failure to pay child support as ordered by the court. In defense, Mr. Nibs claimed credit

for the amount of the Social Security benefits paid to the children as an offset against his child support obligation. The trial court found that he was entitled to the credit, he was not in arrears, and he was not guilty of contempt. Mrs. Nibs appealed. The Supreme Court reversed and held that it was apparent from the record that the trial court did not intend to give Mr. Nibs an offset for the Social Security benefit against his child support obligation when the original divorce decree was entered. *Nibs* is clearly distinguishable from the one now being considered.

In this case, Father retired and he and the minor child commenced receiving Social Security benefits at a time later than the time when the original child support order was entered. In *Nibs*, credit was claimed for benefits being paid because of the disability of the child support payor. Here, the Social Security benefit exists because of Father's entitlement, and not by virtue of any entitlement of the child support payor, Mother. While *Nibs* is distinguishable, its reasoning favors the contentions made by Father and not those made by Mother.

The majority of cases from other jurisdictions hold that credit for child support should be allowed to the payor when a child is receiving Social Security benefits as a result of that payor's entitlement. *Cash v. Cash*, 234 Ark. 603, 353 S.W.2d 348 (1962); *Andler v. Andler*, 217 Kan. 538, 538 P.2d 649 (1975); *Potts v. Potts*, 240 N.W.2d 680 (Iowa 1976); *Potter v. Potter*, 169 N.J.Super. 140, 404 A.2d 352, 356 (1979); *Binns v. Maddox*, 57 Ala. App. 230, 327 So.2d 726, (Civ.App.1976); *Cohen v. Murphy*, 368 Mass. 144, 330 N.E.2d 473 (Sup.Jud.Ct.1975); *Horton v. Horton*, 219 Ga. 177, 132 S.E.2d 200, 201 (Sup.Ct. 1963); *Newton v. Newton*, 622 S.W.2d 23 (Mo.App.1981); *Hanthorn v. Hanthorn*, 236 Neb. 225, 460 N.W.2d 650 (1990) *Bradley v. Holmes*, 561 So.2d 1034 (Miss.1990); *In re Marriage of Robinson*, 651 P.2d 454 (Colo. 1982); *Board v. Board*, 690 S.W.2d 380 (Ky. 1985); *Davis v. Davis*, 141 Vt. 398, 449 A.2d 947 (1982); *Mask v. Mask*, 95 N.M. 229, 620 P.2d 883 (1980); *Griffin v. Avery*, 120 N.H.

783, 424 A.2d 175 (1980); *Children & Youth Services v. Chorgo,* 341 Pa.Super. 512, 491 A.2d 1374 (1985).

The cases which have held to the contrary have generally done so, not because they rejected, as a matter of law, the principal that Social Security benefits are allowable as a credit, but for other reasons, such as to permit a credit would retroactively modify the decree granting child support, or would cause an inequitable result when considering other financial factors. *Fowler v. Fowler,* 156 Conn. 569, 244 A.2d 375 (Sup.Ct.1968); *Chase v. Chase,* 74 Wash.2d 253, 444 P.2d 145 (Sup.Ct.1968); *Joachim v. Joachim,* 57 A.D.2d 546, 393 N.Y.S.2d 63 (App.Div.1977), app. dism. 42 N.Y.2d 1011, 398 N.Y.S.2d 535, 368 N.E.2d 285 (App.Ct.1977), cert. den. 434 U.S. 1066, 98 S.Ct. 1242, 55 L.Ed.2d 767 (1978); *Hennagin v. County of Yolo,* 481 F.Supp. 923 (E.D.Cal.1979).

We have found no case which allows a parent, who is *not* the disabled or retired party through which the child is receiving Social Security benefits, a credit against child support payments.

The Social Security benefit paid to child is not a gratuity. It was earned by the wage earner, Father, during the period of his employment. In effect, the payments are insurance payments derived from the wage earner and are substituting for his lost earning power. Social Security benefits are analogous to private insurance, where a parent insures against his ability to fulfill moral and legal obligations due his minor children. The payments to a minor child are a direct result of the earnings and payments of the parent through his prior employment.

As applied here, Mother may not directly benefit by the fruits of Father's labor. However, this benefit is certainly a portion of the total income of the parties, and Father must include these payments as income in the child support guidelines worksheet as below. See 43 O.S. supp 1989 § 120.

## CHILD SUPPORT COMPUTATION

|  | | FATHER | COMBINED | MOTHER |
|---|---|---|---|---|
| 1. | GROSS MONTHLY INCOME (all sources except actual monthly child support received and means tested public assistance) (includes child's Social Security benefit) | $478<br>271<br>$749 | $3,066 | $2,317 |
| 2. | MONTHLY CHILD SUPPORT AND SUPPORT ALIMONY IN OTHER SUPPORT CASES (to the extent actually paid under court order) | ($-0-) | ($-0-) | ($-0-) |
| 3. | ADJUSTED GROSS INCOME (subtract line 2 from line 1) | $749 | $3,066 | $2,317 |
| 4. | DECIMAL CONTRIBUTION OF EACH PARENT (divide line 3 for each parent by line 3 combined) | .244 | | .756 |
| 5. | BASE CHILD SUPPORT FROM BOTH PARENTS (See Child Support Guidelines Schedule) | | $ 384 | |
| 6. | BASE SUPPORT OBLIGATION OF EACH PARENT (multiply line 4 by line 5 for each parent) | $ 94 | | $ 290 |
| 7. | MONTHLY MEDICAL INSURANCE PREMIUM | | $ 172 | |
| 8. | MEDICAL INSURANCE OBLIGATION OF EACH PARENT (multiply line 4 by line 7) | $ 42 | | $ 130 |
| 9. | TOTAL CHILD SUPPORT OBLIGATION (add lines 6 & 8 for each parent) | $136 | | $ 420 |
| 10. | TOTAL PARENTAL SUPPORT FOR CHILDREN (add lines 5 and 7) | | $ 556 | |
| 11. | PAYOR IS: Father _____ Mother _X_ | | | |
| 12. | PAYOR'S TOTAL SUPPORT OBLIGATION (enter from line 9) | | $ 420 | |

We hold that the trial court erred as a matter of law in its computation of the child support due from Mother as it allowed her a direct credit against her child support obligation for a portion of the Social Security benefit paid the minor child through Father's entitlement. We reserve for another day any decision on these issues in cases where the child support payor is also the disabled or retired party.

REVERSED AND REMANDED for further proceedings.

BAILEY and ADAMS, JJ., concur.