Wanda BAKER, Appellant,

v.

Lawrence BAKER, Appellee.

No. 86186.

Court of Appeals of Oklahoma, Division No. 3.

Aug. 9, 1996.

W. Creekmore Wallace, II, Sapulpa, for Appellant.

---

3. Accordingly, we deny Mother's motion for appellate fees and costs.

Mike Jones, Bristow, for Appellee.

### *MEMORANDUM OPINION*

GARRETT, Judge:

Appellant, Wanda Baker, was divorced from Lawrence Baker in September 1988. As a part of the divorce decree, provision was made for the care and welfare of the minor children born of the marriage. In 1995, Lawrence moved to modify alleging he had retired and had less income. He also alleged the minor children were receiving social security benefits directly from the Social Security Administration, due to his retirement and monies he had paid to social security over the years, and these payments should be a direct reduction of any child support payments he was required to make.

Wanda stipulated that the amount received by the children directly from social security was in the amount due from Lawrence under the child support guidelines. At a hearing on the matter, the court found "it is proper for the defendant [Lawrence] to use the social security checks received for the benefit of the minor children as child support". In effect, the court allowed these direct payments to substitute for the payments he might make as child support payor.

Wanda appeals and contends the court erred in allowing Lawrence to use social security payments sent to the children as child support payments. In *Wilson v. Stenwall*, 868 P.2d 1317 (Okl.App.1992), we held a mother was not entitled to "credit" against her child support obligation for the amount paid to the children in the form of social security benefits, which payments were made because of Father's retirement, and were based on his entitlement. We pointed out that this was so because the social security benefit existed because of the father's previous earnings and his entitlement. In the case before us, the children are paid social security benefits because they were earned by Lawrence, during the period of his employment. As we said in *Wilson:*

> In effect, the payments are insurance payments derived from the wage earner and are substituting for his lost earning power. Social Security benefits are analogous to private insurance, where a parent insures against his ability to fulfill moral and legal obligations due his minor children. The payments are a direct result of the earnings and payments of the parent through his prior employment.

While *Wilson* did not involve a situation in which the child support payor was the retired party from whence the social security benefits flowed, the tenets in that case are applicable here.

The court did not err when it allowed the social security payments paid directly to the minor children as a result of Lawrence's past employment to suffice as child support when the non-parent, Wanda, agreed the amounts were equal to his obligation under the guidelines.

AFFIRMED.

CARL B. JONES, P.J., and ADAMS, V.C.J., concur.