2010 OK CIV APP 52

**DEPARTMENT OF HUMAN SERVICES, Plaintiff/Appellee,**

v.

**Mark AUSTIN, Defendant/Appellant,**

v.

**Kelly Shadid, Third–Party Appellee.**

**No. 106,473.**

Court of Civil Appeals of Oklahoma, Division No. 3.

April 16, 2010.

clause in the Proposal would be unenforceable because it is unconscionable.

Holly Hefton, Holly Hefton, P.C., Oklahoma City, OK, for Defendant/Appellant.

Danny K. Shadid, Danny K. Shadid, P.C., Oklahoma City, OK, for Third–Party/Appellee.

BAY MITCHELL, Judge.

¶ 1 Defendant/Appellant, Mark Austin (Father), seeks review of an order denying his "Motion for Repayment of Child Support Over Payments." On appeal, Father argues he is entitled to credit for child support payments he voluntarily made from February 2006 thru September 2007, during which time the child was also receiving social security benefits arising from Father's disability.

¶ 2 One child was born to the unwed parties, Father and Third–Party/Appellee, Kelly Shadid (Mother), in January 1994. Father paid child support pursuant to an agreement of the parties for a number of years. In 2007, Mother sought reimbursement of reasonable child support expenses for the time period of June 2002 through December 2007, by filing an action for child support enforcement with the Department of Human Services (DHS). After administrative hearing, an Order was entered in December 2007, which noted Father was disabled, that the "child is receiving $752.00 from [Father's] Social Security in lieu of child support" and the "Social Security benefit exceeds guidelines amount." The Administrative Law Judge (ALJ) ordered that Father was not obligated to pay any monthly child support beginning January 1, 2008. That order also determined Father was not obligated for past

support for the period from June 2002 through December 2007. The order references the fact that "[Mother] received lump sum award from [the Social Security Administration] that exceeds judgment amount."

¶3 In April 2008, Father filed his motion for reimbursement of overpayment of child support, wherein he argued that after he suffered a stroke in August 2005 (and became totally disabled), he continued to make child support payments to Mother in accordance with their agreement. The record reflects the Social Security Administration (SSA) began paying "monthly child's benefits" to the child in February 2006. The first SSA payment to the child was in the amount of $14,800, which the SSA provided the child was "due through September 2007." Thereafter, the SSA benefit paid to the child was $752.00 per month. Father argues equity entitles him to a credit for the child support payments he made from February 2006 (when the child began receiving the SSA benefits) through September 2007 to prevent Mother from "double dipping" or profiting from the "SSA Repayment of Child Support Over Pay windfall." The trial court denied Father's motion, noting DHS's consideration of the social security benefit payments at the time of the administrative hearing in December 2007, and its lack of jurisdiction to effect any payment of social security benefits to the minor child.

■■■ ¶4 Child support proceedings are matters of equitable cognizance. *Thrash v. Thrash,* 1991 OK 32, 809 P.2d 665, 668. On appeal, an Appellate Court reviews the entire record, weighs the evidence and will affirm a trial court's judgment relating to child support where it is just and equitable. *Id.* Oklahoma courts generally have "broad discretion" in setting child support orders, which may include a credit for overpayments of child support. *Hollingsworth v. Underhill,* 2001 OK CIV APP 87, ¶9, 27 P.3d 1034, 1036. Trial courts have such discretion to consider social security payments as a credit against an obligor's child support obligation. *Nibs v. Nibs,* 1981 OK 25, 625 P.2d 1256.

There is no Oklahoma law *requiring* a credit to a payor spouse for payment of child support in excess of a court-ordered obligation. *Hollingsworth,* 2001 OK CIV APP 87, ¶7, 27 P.3d at 1035. While this Court has noted that special equitable circumstances (such as custodial parent's unjust enrichment) may justify a court crediting voluntary child support payments, the burden of proof is on the obligor to establish the right to equitable relief. *Id.* at ¶8. In the absence of a child support order, voluntary payments made in satisfaction or partial satisfaction of the common law duty to support are "not necessarily to be offset against the statutory obligation enforced by court order." *In re: McLemore,* 515 S.W.2d 356, 358 (Tex.Civ.App., 1974).

■■■ ¶5 First, we note the parties' child support agreement, if in writing, was not included in the record. Therefore, we cannot discern the terms of the agreement to determine if Father "overpaid" beyond his contractual obligation in the first instance as a matter of general contract law. Nevertheless, the record reflects that after DHS calculated actual income of the parties, an arrearage was determined against Father. Father does not challenge this arrearage, but states he was "never in contempt." Despite such an arrearage, Father's child support obligation was determined to be $0 due to the social security benefits the child was receiving. Further, the DHS order expressly noted that Father's child support obligation (both for past due amounts owed and for future payments) was determined by consideration of the social security benefits received by the child. Thus, Father was actually afforded the credit for social security benefits received by the child in accordance with Oklahoma law in DHS's determination of Father's support obligation.[1] Apparently Father would have this Court ignore his arrearage and find that because his continued **underpayment** of his support obligation during his disability was voluntary (rather than court-ordered), this somehow constitutes **overpayment** entitling him to reimbursement for those voluntary payments.

---

1. While it is difficult to discern from the record, apparently Father presented the issue of overpayment to the administrative court, which deter-

mined it did not have jurisdiction over retroactive application of its own order.

Father's child support obligation was determined to be completely satisfied by way of the credit afforded to Father for the social security payments made on his behalf. He fails in his burden to prove equity entitles him to **additional credit** by reimbursement for child support payments he voluntarily made during the relevant time period of the child's receipt of social security benefits. The trial court properly exercised its discretion in its denial of Father's motion.

■ ¶ 6 We further note that given the fact Father's child support obligation was never previously adjudicated prior to the 2007 DHS administrative enforcement proceedings, the trial court below was without authority to award an additional credit for Father's "overpayment" of child support during 2006–2007 disability payment period, as the court is bound to enter first-instance child support orders prospective in nature, not retroactive. *Childers v. Childers,* 1950 OK 31, 214 P.2d 722, 725.

¶ 7 AFFIRMED.

JOPLIN, P.J., and BELL, V.C.J., concur.